THE STATE OF OHIO, APPELLANT, *v.* BISTRICKY ET AL., APPELLEES.

[Cite as State *v.* Bistricky (1990), 51 Ohio St. 3d 157.]

(No. 89-708—Submitted April 10, 1990—Decided May 30, 1990.)

*John T. Corrigan,* prosecuting attorney, and *Jack H. Hudson,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *Thomas C. Buford,* for intervenor trial court.

*Nick Tomino,* director of law, and *Gary R. Williams,* urging reversal for *amicus curiae,* city of Cleveland.

*Patrick A. D'Angelo,* urging affirmance for *amicus curiae,* Cleveland Police Patrolmen's Association.

*Paul L. Cox,* urging affirmance for *amicus curiae,* Fraternal Order of Police of Ohio, Inc.

*Chattman, Garfield, Friedlander & Paul* and *Douglas J. Paul,* urging affirmance for *amicus curiae,* Fraternal Order of Police, Cleveland Lodge No. 8.

MOYER, C.J. The state raises three issues. Two concern the substantive law questions resulting from the trial court's rulings, and one challenges the conclusion of the court of appeals that it has no authority to review the trial court's rulings. Because the court of appeals did not render an opinion or judgment on either of the substantive law issues, we will consider only the issue of whether a court of appeals has authority pursuant to R.C. 2945.67 to grant the state's request for leave to appeal on substantive law rulings rendered in a criminal case that results in a judgment of acquittal pursuant to Crim. R. 29.

As the state agrees, the principles of double jeopardy preclude retrial of these defendants on the judgment of acquittal. Any resolution of the issue before us will not affect the bar to retrial. Arguably, the motion for leave to appeal from the trial court to the court of appeals was therefore moot.

Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review. *Storer* v. *Brown* (1974), 415 U.S. 724, 737, at fn. 8; *In re Protest Filed by Citizens for the Merit*

*Selection of Judges, Inc.* (1990), 49 Ohio St. 3d 102, 551 N.E. 2d 150. In this instance, the underlying case in controversy has ceased to exist because principles of double jeopardy preclude retrial of the defendants. The defendants are not parties to this appeal. However, the court of appeals' statement that it lacked authority to consider the state's appeal suggests an interpretation of R.C. 2945.67 that will be applied to other state appeals. Therefore, the instant appeal is not moot.

Pursuant to R.C. 2945.67(A), the General Assembly has given the courts of appeals discretionary authority to decide whether to hear an appeal from a decision adverse to the state other than a final verdict. See *State* v. *Fisher* (1988), 35 Ohio St. 3d 22, 517 N.E. 2d 911.

R.C. 2945.67(A) provides in pertinent part:

"A prosecuting attorney * * * may appeal by leave of the court to which the appeal is taken *any other decision,* except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.)

In *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629, we held at paragraph two of the syllabus that "[a] directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." Similarly, in *State, ex rel. Yates,* v. *Court of Appeals for Montgomery Cty.* (1987), 32 Ohio St. 3d 30, 512 N.E. 2d 343, syllabus, we held that "[a] judgment of acquittal by the trial judge, based upon Crim. R. 29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. * * *"[1]

However, in *Keeton,* and later in *State* v. *Arnett* (1986), 22 Ohio St. 3d 186, 22 OBR 272, 489 N.E. 2d 284, we held that even in a case resulting in a judgment of acquittal, the prosecution may appeal from evidentiary rulings, such as admissibility of evidence, as such rulings fall within the language of "any other decision, except the final verdict * * *" in R.C. 2945.67(A). In seeking such appeal by leave of court, the state must follow the procedure outlined in *State* v. *Wallace* (1975), 43 Ohio St. 2d 1, 72 O.O. 2d 1, 330 N.E. 2d 697, and comply with App. R. 5(A).

The question here is whether the court of appeals may consider an appeal by the state of a substantive issue or "legal conclusion" made in a criminal proceeding. We see no distinc-

---

[1] In *United States* v. *Martin Linen Supply Co.* (1977), 430 U.S. 564, the court examined the double jeopardy rights of a defendant where acquittal is pursuant to Fed. R. Crim. P. 29(c). The court stated that "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal * * * could not be reviewed, on error or otherwise, without putting * * * [a defendant] twice in jeopardy, and thereby violating the Constitution.' " *Id.* at 571. In applying this principle, the court stated that what constitutes acquittal is not to be controlled by the form of the judge's action. "Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id.*

A ruling of acquittal based on insufficiency of the evidence is just such a final resolution, and may not be appealed by the state. *Id.* at 572. See, also, *Burks* v. *United States* (1978), 437 U.S. 1; *Wang* v. *Withworth* (C.A.6, 1987), 811 F. 2d 952, 956-957.

tion between permitting the state to appeal evidentiary rulings and the state's ability to file an appeal from a ruling on an issue of law made by the trial court. We therefore hold that a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed. It is not clear to us, upon reviewing the court of appeals' reason for denying the motion for leave to appeal, that the court of appeals exercised that discretion.

We, therefore, reverse the judgment of the court of appeals to the extent that it found no authority, pursuant to R.C. 2945.67(A), to consider the state's appeal and remand the cause to that court to exercise its discretion to decide whether it will accept or decline review of the matters of substantive law presented.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.