THE STATE of Ohio, Appellant,

v.

CURRY, Appellee.

[Cite as *State v. Curry* (1991), 76 Ohio App.3d 175.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59173.

Decided Nov. 4, 1991.

*Stephanie Tubbs–Jones*, Prosecuting Attorney, and *Leonard D. Hall*, Assistant Prosecuting Attorney, for appellant.

*Larry Weiser*, for appellee.

JOHN F. CORRIGAN, Judge.

The state of Ohio appeals from three substantive rulings which were rendered in its prosecution of Aparicio Curry for patient abuse and which preceded Curry's acquittal on that charge. Pursuant to *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus, this court has elected to review the challenged rulings; and we have determined, for the reasons set forth below, that each of the rulings was erroneous. However, as the principles of double jeopardy preclude retrial, we affirm.

I

On August 29, 1989, defendant, an employee of Warrensville Developmental Center, was indicted for one count of patient abuse, in violation of R.C. 2903.34. Defendant pleaded not guilty and the matter proceeded to a bench trial on December 11, 1989.

At the commencement of the proceedings, the trial court ordered that the prosecutor supply defense counsel with all medical records and incident reports pertaining to the victim's treatment in order that defense counsel could "determine whether or not there might be anything in those reports that might be helpful to the defense." The court avoided any involvement in this determination, noting its role as the factfinder in this bench trial.

Thereafter, the state presented its evidence and the defense moved for a judgment of acquittal. In announcing its decision on this motion, the trial court stated that it had considered the definition of patient abuse as follows:

"What is abuse?

"Knowingly causing *serious* physical harm." (Emphasis added.)

The trial court then granted defendant's motion and the state now appeals pursuant to leave previously granted by this court.

## II

### Introduction

In *State v. Bistricky*, syllabus, the Supreme Court held that a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed. Thus, the court determined, although the principles of double jeopardy bar retrial, the state may file an appeal from evidentiary rulings and issues of law which result in a judgment of acquittal. *Id.* at 160, 555 N.E.2d at 646. The court further noted that an appellate court's disposition of such appeals will not result in advisory opinions where the underlying questions are capable of repetition, yet evading review. *Id.* at 158, 555 N.E.2d at 645.

In this instance, this court exercises its discretion to consider the following issues raised by the state as we find the issues to be capable of repetition yet evading review.

## III

"The trial court erred in its decision to order, without an in-camera inspection, full disclosure of records kept confidential under Ohio Revised Code Section 5123.62(T) and Section 5123.89 (the rights of retarded persons), where the court ruled in a bench trial 'the only person that could determine whether or not there might be exculpatory matters would be defense counsel.'"

As the starting point of our analysis, we note that pursuant to Crim.R. 16(B)(1), the prosecuting attorney must disclose:

"(d) *Reports of examination and tests.* Upon motion of the defendant the *court shall order the prosecuting attorney to permit the defendant to inspect and copy* or photograph *any* results or *reports* of physical or mental examinations, and of scientific tests or experiments, *made in connection with the particular case,* or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the

exercise of due diligence may become known to the prosecuting attorney." (Emphasis added.)

Crim.R. 16(B)(1)(f) further requires that:

*"Disclosure of evidence favorable to defendant.* Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection."

See, also, *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

The United States Supreme Court has explained that "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the accused of a fair trial * * *." *United States v. Bagley* (1985), 473 U.S. 667, 675, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481, 489–490.

We further note that Crim.R. 16 cannot abridge the substantive right of citizen access to government information conferred by the public records law, R.C. 149.43.

R.C. 149.43 defines "public records" as " * * * any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, *except* medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and *records the release of which is prohibited by state* or *federal law.*" (Emphasis added.)

R.C. 5123.89, in turn, provided:

"(A) All certificates, applications, records, and reports made for the purpose of this chapter, other than court journal entries or court docket entries, which directly or indirectly identify a resident or former resident of an institution for the mentally retarded or person whose institutionalization has been sought under this chapter shall be kept confidential and shall not be disclosed by any person except insofar as:

"(1) It is the judgment of the court for judicial records, and the managing officer for institution records, that disclosure is in the best interest of the person identified and such person or his guardian or, if he is a minor, his parent or guardian consents;

"\* \* \*

"(C) No person shall reveal the contents of a record of a resident except as authorized by this chapter."

When a governmental body asserts that public records are exempted from disclosure by R.C. 149.43 and such assertion is challenged, the court must make an individualized scrutiny of the records in question. *State ex rel. National Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus. Accord *Sanford v. Kelly* (1989), 44 Ohio App.3d 30, 33–34, 541 N.E.2d 124, 127, wherein the court stated:

"As we read R.C. 149.43 and *State, ex rel. National Broadcasting Co., v. Cleveland* ('NBC'), *supra,* the trial court is under an affirmative obligation to make an individualized scrutiny of the public records in question *whether the one requesting the record is a member of the media or a criminal defendant.* Under our reading of R.C. 149.43 and *NBC, supra,* the trial court has a greater responsibility than that which it has under Crim.R. 16." (Emphasis added.)

If the court determines that the records are exempted, then even criminal defendants are not entitled to them. *Id.*

In accordance with the foregoing, we find that the trial court erred in ordering full disclosure of the victim's confidential records to defense counsel. Pursuant to Crim.R. 16, defendant was not entitled to view the entire prosecution file, but was entitled only to the reports made in connection with the instant case as well as evidence favorable to the accused and material to the accused's guilt or innocence, or needed to ensure a fair trial. Further, pursuant to R.C. 5123.89, the records sought were excluded from the public records law, and the prosecuting attorney's assertion of this challenge to disclosure clearly necessitated an individualized scrutiny of the records by the trial court.

The state's first assignment of error has merit.

IV

"The trial court erred in its decision requiring the prosecution to prove elements not included in an indictment for patient abuse in violation of Ohio Revised Code Section 2903.34(A)(2)."

The offense of "patient abuse" is defined in R.C. 2903.34(A) as follows:

"(A) No person who owns, operates, or administers, or who is an agent or employee of a care facility shall do any of the following:

"(2) Commit abuse against a resident or patient of the facility[.]"

"Abuse" is in turn defined in R.C. 2903.33(B) as follows:

"(2) 'Abuse' means knowingly causing physical harm or recklessly causing serious physical harm to a person by physical contact with the person or by the inappropriate use of a physical or chemical restraint, medication, or isolation on the person."

Here, however, the trial court stated:

"What is abuse?

"Knowingly causing serious physical harm."

As this is an incorrect interpretation of R.C. 2903.33(B)(2), it was erroneous.

The state's second assignment of error is meritorious.

## V

"The trial court erred in its decision to order an entry of judgment of acquittal where the court recited no instance where reasonable minds could not fail to find reasonable doubt as to an element of the indictment."

The standard for disposing of a Crim.R. 29(A) motion for acquittal was set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus, as follows:

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

In this case, the trial court cited *Bridgeman* when it announced its decision. However, as noted with respect to our comments regarding the state's second assignment of error, the trial court misapprehended the material elements of the offense of patient abuse. Accordingly, the trial court's assessment of the matter within the *Bridgeman* standard was erroneous.

The state's third assignment of error is meritorious. Pursuant to *State v. Bistricky, supra,* and in accordance with the principles of double jeopardy, however, the final judgment rendered below is affirmed.

*Judgment affirmed.*

HARPER, J., concurs.

MATIA, P.J., dissents.