OPINION
On September 4, 1998, Rodney B. Whitaker was employed by the Massillon City Schools as a seventh grade math teacher at Lorin Andrews Middle School. The students were released from school at 2:40 p.m. At approximately 2:45-2:50 p.m., Mr. Whitaker observed a fight between two girls. Said fight was occurring twenty to twenty-five feet from the school building in an alley located two feet beyond the end of the school property. As Mr. Whitaker attempted to break up the fight, he was struck repeatedly about the head by appellee, Shaun Brown, a juvenile. On September 8, 1998, appellee was charged with one count of aggravated menacing in violation of R.C. 2903.21 and one count of assault in violation of R.C. 2903.13. These charges were given case number JU-103901. On October 29, 1998, appellee was charged with one count of assault in violation of R.C. 2903.13(C)(2)(e) (Case No. JU-104571). Said section enhances a misdemeanor assault to a felony of the fifth degree if the victim is a school teacher acting within the scope of his/her duties. The assault charge in Case No. JU-103901 was dismissed. An adjudicatory hearing was held before a magistrate on January 28, 1999. Appellee pled true to the aggravated menacing charge. As for the assault charge, the only issue was whether paragraph (C)(2)(e) of R.C. 2903.13 was applicable. The magistrate found said paragraph did not apply and found appellee delinquent of misdemeanor assault. See, Decision filed February 1, 1999. On February 5, 1999, appellant, the State of Ohio, filed objections to the magistrate's decision. A hearing was held on February 5, 1999. By judgment entry filed May 17, 1998, the trial court overruled the objections and affirmed the magistrate's decision. Appellant filed an appeal and this matter is now before the court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED BY AFFIRMING THE MAGISTRATE'S DECISION WHICH FOUND THAT THE ASSAULT OF A SCHOOL TEACHER WAS A MISDEMEANOR AND NOT A FELONY; A FINDING CONTRARY TO LAW.
Pursuant to judgment entry filed June 24, 1999, this court granted appellant leave to appeal the applicability of R.C. 2903.13 and "(s)pecifically, the issue in the case is whether a misdemeanor assault can be enhanced to a felony of the fifth degree when the victim is a school teacher pursuant to R.C. 2903.13(C)(2)(e)." See, Appellant's Motion for Leave to Appeal filed June 16, 1999. Upon review of the record and transcript, we find this appeal should not have been allowed. R.C. 2945.67 permits the state to appeal in certain instances "except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case." Appellant argues the case of State v. Bistricky (1990), 51 Ohio St.3d 157, permits the state to argue the issue presented herein. In Bistricky at 160, Chief Justice Moyer held "a court of appeals has discretionary authority pursuant to R.C.2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed." At oral argument, appellant conceded our decision in this case would in no way affect appellee because he could not be resentenced or retried because of double jeopardy. The question before this court then is whether the nexus of this appeal is a substantive law issue which does not affect the verdict. After review, we find it is not. At the conclusion of the hearing before the magistrate, the magistrate made the following ruling:
 BY THE MAGISTRATE: All right, first thing I want to make clear is that I believe this is a very technical statute which has a number of elements which must be met and so the Court's ruling is a ruling as to whether or not the technical elements of this statute were met in this case, to elevate this offense from a misdemeanor to a felony and I do not believe that that portion of this statute applies to the facts of this case. Therefore, I'm going to make a finding that Shawn Brown is delinquent by assault, misdemeanor of the first degree.
(Emphasis added.)
The only witness under the stipulated facts of the complaint was the victim, Rodney B. Whitaker. The main portion of Mr. Whitaker's testimony was very fact specific as to the location of the assault and the extent of his duties after school. The magistrate's ruling which was affirmed by the trial court was a determination on the actual facts presented and not on the substantive law, R.C.2903.13(C)(2)(e). Therefore, appellant's appeal is an appeal of the delinquency finding for assault [R.C. 2903.13(A)] as opposed to assault of a school teacher which is contrary to Bistricky and R.C. 2945.67.
Accordingly, we find the discretionary appeal was improperly allowed. Further, we decline to rule on whether the facts in the transcript warrant a conviction under R.C. 2903.13 because this court does not issue advisory opinions.
This appeal is dismissed. By FARMER, J. WISE, P.J. and EDWARDS, J. concur.