OPINION
Appellant, the state of Ohio, sought and was granted leave pursuant to R.C. 2945.67(A) to appeal the substantive legal ruling of the Clinton County Court of Common Pleas which resulted in a judgment of acquittal in favor of appellee, David Swearingen.
Around 2:30 a.m., on July 18, 2000, Michelle Faltisco was walking from a Wilmington College fraternity house to her home on Main Street in Wilmington, Ohio. As she was proceeding down East Locust Street, she walked past appellee. He asked her if she was "Tracy," and she responded that she was not. After a brief exchange, appellee asked if he could hug her. Before Faltisco could respond, appellee embraced her. Appellee then asked if he could walk her home. Although Faltisco indicated that she did not want him to accompany her, he nevertheless walked with her. They then agreed that he would only accompany her as far as an approaching alley.
The two parted when they reached the alley. However appellee immediately came up behind Faltisco, grabbed her by her shoulders, and sat her down on the ground. They sat side by side for a few moments; then appellee pushed her back and pinned her to the ground by her wrists. Appellee held Faltisco to the ground for approximately ten to twenty seconds before releasing her. Faltisco testified that she was scared and nervous about what might happen next. After she was released, Faltisco jumped up, ran to her home, and notified the Wilmington police of the incident.
Appellee was subsequently charged with abduction, a violation of R.C.2905.02(A)(2). Appellee waived his right to a jury trial and the matter was tried to the bench. After the close of the state's case, appellee made a Crim.R. 29 motion dismiss. The trial court granted the motion, finding that the state had failed to present prima facie evidence of unlawful restraint. The trial court found that the momentary act of holding Faltisco to the ground was insufficient evidence to prove the restraint element of abduction. The state appeals, raising one assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS PURSUANT TO CRIM.R. 29.
It is a fundamental principle of criminal law that "[a] directed verdict of acquittal by the trial judge in a criminal case is a `final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." State v. Keeton (1985), 18 Ohio St.3d 379, paragraph two of the syllabus. However, a court of appeals may "review substantive law rulings made in a criminal case which results in judgment of acquittal so long as verdict itself is not appealed." State v. Bistricky (1990),51 Ohio St.3d 157, at syllabus.
In the present case we granted the state leave to appeal to address whether, in a prosecution for abduction, the state must present evidence of a substantial restraint of liberty in order to withstand a Crim.R. 29 motion to dismiss.[1] While our decision in the present matter has no effect on the case brought against appellee, we find it important to address the issue raised by the state. The determination of this issue is for prospective application only.
Appellee was charged with a violation of R.C. 2905.02, which states in pertinent part:
 (A) No person, without privilege to do so, shall knowingly do any of the following:
* * *
 (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]
An essential element of abduction is the restraint of another's liberty. The trial court in the present case found that the restraint must be substantial, and stated that under R.C. 2905.02(A)(2), restraint "means more than holding somebody down on a public highway when cars are going by on the sidewalk for 14 or 20 seconds and then letting that person up."
In making this finding, the trial court relied on State v. Williams
(1991), 75 Ohio App.3d 293. In Williams, the defendant was charged with unlawful restraint, a violation of R.C. 2905.03. This section defines the most minor of a trilogy of similar offenses: unlawful restraint (R.C.2905.03), abduction (R.C. 2905.02), and kidnapping (R.C. 2905.01). The essence of unlawful restraint is the restraint of another's liberty.Williams at 298. The trial court apparently found that the restraint required for unlawful restraint under R.C. 2905.03 was analogous to the restraint element for abduction under R.C. 2905.02. Although we agree with the trial court that the elements can be analogized, we disagree that Williams can be construed to require that the state present evidence of a prolonged restraint.
Since the unlawful restraint statute offers no guidance as to what constitutes restraint necessary for a criminal conviction, the Williams
court followed these six guidelines:
(1) The defendant's act must be wilful [sic].
 (2) Defendant's conduct must substantially interfere with another person's liberty.
 (3) The victim knows of the restraint or is harmed as a result of the restraint.
(4) The restraint is total.
 (5) Defendant exercised any force, or express or implied threat of force including a reasonable apprehension of force.
(6) Defendant acted without legal justification.
Williams, 75 Ohio App.3d at 299. The court qualified its use of "substantial," stating that it "is used as an adjective to mean a `real' or `material' interference with the liberty of another as contrasted with a petty annoyance, or a slight inconvenience, or an imaginary conflict."Id. at n. 1 (citations omitted). The court did not say that its use of the term "substantial" was intended to require that the restraint endure for an specific length of time.
All of the case law addressing this issue supports the contention that even "`momentary' restraint may qualify as abduction, if it produces the required risk of physical harm to or fear in the victim." State v.Saylor (May 12, 1995), Champaign App. No. 94CA10, unreported, 1995 WL 276103 at *7; see, also, State v. Wilson (Nov. 2, 2000), Franklin App. No. 99AP-1259, unreported (to restrain another means to limit one's freedom for any period of time); State v. Walker (Sept. 2, 1998), Medina App. No. 2750-M, unreported (element of restraint of liberty does not require prolonged restraint); State v. Basterfield (Feb. 7, 1996), Lorain App. No. 94CA005985, unreported (R.C. 2905.02[A][2] "sets no minimum time requirement for the elements of restraint"); State v. Wingfield (Mar. 7, 1996), Cuyahoga App. No. 69229, unreported ("the element of restraint of liberty * * * means to limit one's freedom of movement in any fashion for any period of time"); State v. Messineo (Jan. 6, 1993), Athens App. No. 1488, unreported, jurisdictional motion overruled (1993),68 Ohio St.3d 1419 (grabbing victim's arm twice and shaking her twice constituted restraint on charge of abduction).
Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, at syllabus. The court must construe the evidence in a light most favorable to the state. Id.
The state presented evidence that appellee, with the use of physical force, restrained Faltisco, placing Faltisco in fear of physical harm. Viewing this evidence in a light most favorable to the prosecution, reasonable minds could conclude that the state had presented evidence proving each material element of abduction beyond a reasonable doubt. The fact that the restraint was brief, fifteen to twenty seconds at most, is immaterial, as even a momentary restraint may constitute an abduction. The judgment of the trial court on this issue is reversed. However, due to the double jeopardy bar, appellee's acquittal remains undisturbed.State v. Bistrecky (1990), 51 Ohio St.3d 157.
Judgment reversed.
YOUNG, P.J., and VALEN, J., concur.
[1] While the assignment of error does allege that the trial court erred by granting the motion for acquittal, an issue which the state may not appeal, the crux of the state's argument, which we chose to address, is that the trial court erred by requiring that the restraint endure for a substantial period of time.