This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio ("State"), appeals from the acquittal of Defendant, Southala Chandathany, in the Medina County Court of Common Pleas and challenges the trial court's ruling excluding evidence. We affirm
 {¶ 2} On March 29, 2001, the Medina County Grand Jury indicted Defendant on one count of possession of cocaine, in violation of R.C.2925.11(A). Prior to the commencement of the jury trial, the trial court sua sponte excluded various pieces of the State's evidence. The State moved for reconsideration of the trial court's prior ruling excluding evidence; the trial court denied this motion. The jury found Defendant not guilty of possession of cocaine. Thereafter, the State moved this court for leave to appeal from the judgment of acquittal, pursuant to App.R. 5(B) and R.C. 2945.67. This court granted the State's motion for leave to appeal. The State asserts one assignment of error for review.
 ASSIGNMENT OF ERROR "The trial court erred by sua sponte excluding, over the State's objection, most of the cocaine evidence pursuant to Evid.R. 403(A) where: (1) the excluded cocaine evidence was discovered in close proximity to where Defendant had been seated as a passenger in the stopped vehicle; and (2) the excluded cocaine evidence formed part of the factual basis for the possession of cocaine charge for which Defendant was on trial."
 {¶ 3} In its sole assignment of error, the State avers that the trial court erroneously excluded evidence sua sponte despite the State's objection. We disagree.
 {¶ 4} The Supreme Court of Ohio has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."State v. Bistricky (1990), 51 Ohio St.3d 157, syllabus. See, also, Statev. Arnett (1986), 22 Ohio St.3d 186, 188. Although the principles of double jeopardy bar retrial, the state may file an appeal from evidentiary rulings and issues of law that result in a judgment of acquittal. Bistricky, 51 Ohio St.3d at 159-160. Further, an appellate court's disposition of such an appeal will not result in an advisory opinion where the underlying questions are capable of repetition yet evading review. Id. at 158-159.
 {¶ 5} In the instant case, the trial court sua sponte excluded a portion of the State's evidence prior to trial and explained that "[t]he probative value to the State is weak, [and] *** the prejudicial value to the defense would be extreme, or at least more than weak."[1] We liken this pretrial ruling excluding evidence to a trial court's ruling on a motion in limine. See State v. Grubb (1986), 28 Ohio St.3d 199, 200-201. A "motion in limine" is "[a] written motion which is usually made before *** the beginning of a jury trial for a protective order against prejudicial questions and statements *** to avoid injection into trial of matters which are *** prejudicial[,] and granting of [the] motion is not a ruling on [the] evidence[.]" Id. at 200, quoting Black's Law Dictionary (5 Ed. 1979) 914. As such, like a motion in limine, the trial court's ruling was merely a preliminary ruling concerning an evidentiary issue that was anticipated but not yet presented in its full context. See id. at 203. A preliminary ruling does not have an effect until it is acted upon at trial; accordingly, the proponent of the evidence must actually proffer that evidence during the course of the trial so that the court can make a final ruling on the matter. Grubb, 28 Ohio St.3d at 202-203;Williams v. Noden (Feb. 15, 1995), 9th Dist. No. 16857, at 2; Evid.R. 103(A)(2). See, also, State v. Maurer (1984), 15 Ohio St.3d 239,259-260, fn. 14; State v. Leslie (1984), 14 Ohio App.3d 343, 344.
 {¶ 6} Although we are cognizant that the State moved the trial court to reconsider its previous ruling, the record indicates that the State failed to make any effort to introduce the evidence during the course of the trial. The State should have proffered the evidence outside the presence of the jury when the issue arose during trial, thereby preserving the error for appeal had the trial court then excluded the proffered evidence. However, as the State failed to preserve the error for appeal, we have nothing to rule on. Accordingly, the State's assignment of error is overruled.
 {¶ 7} The State's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
BAIRD, J. CONCURS.
[1] We note that the trial court maintains the discretion to sua sponte exclude or admit evidence. Oakbrook Realty Corp. v. Blout (1998),48 Ohio App.3d 69, 70-71. See State v. Hymore (1967), 9 Ohio St.2d 122,128.