{¶ 1} Plaintiff-appellant the State of Ohio brings this appeal from the judgment of the Marysville Municipal Court granting a motion to acquit for lack of evidence.
 {¶ 2} On March 1, 2003, a trooper for the Ohio State Highway Patrol received a bulletin to be on the lookout for defendant-appellee Toby S. Stebbing's ("Stebbing") vehicle. The bulletin was issued as a result of a domestic violence incident allegedly occurring earlier in the day. The trooper spotted Stebbing's vehicle and stopped him. The trooper then observed various behavior by Stebbing that led to the trooper to believe that Stebbing was intoxicated. Stebbing took various field sobriety tests, and failed all of them. He was then arrested and cited for a violation of R.C. 4511.19(A)(1), driving while under the influence of alcohol. Stebbing was also charged with domestic violence.
 {¶ 3} On April 11, 2003, the matter went to trial. At the conclusion of the State's case-in-chief, the trial court entered a judgment of acquittal pursuant to Crim.R. 29(A). The trial court concluded that the State had failed to present evidence that Stebbing had committed the offense of domestic violence and had failed to present evidence that Stebbing's driving was affected by alcohol. It is from this judgment that the State appeals and raises the following assignment of error.
The Municipal Court committed error by ruling that the State must showevidence of actual erratic or impaired driving in order to sustain aconviction of O.M.V.I.
 {¶ 4 The right to an appeal by the State is governed by R.C.2945.67.
A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *. R.C. 2945.67. In Ohio, the trial court may, upon its own motion, grant a directed verdict of acquittal after the State has finished presenting its case. Crim.R. 29(A). "A directed verdict of acquittal by the trial judge in a criminal case is a `final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. State v. Keeton (1985), 18 Ohio St.3d 379, 381,481 N.E.2d 629. The court of appeals, however, may grant the State leave to appeal "substantive law rulings made in a criminal case which results in a judgment of acquittal so long as [the] verdict itself is not appealed." State v. Bistricky (1990), 51 Ohio St.3d 157, 555 N.E.2d 644. A ruling of acquittal based upon the insufficiency of the evidence in not appealable by the State. Id.
 {¶ 5} In this case, the trial court directed a verdict of acquittal after the State presented its case-in-chief. The trial court made a ruling that the evidence presented was insufficient to find a violation of the statutes as charged. The trial court specifically found that the State had failed to prove that the consumption of the alcohol affected Stebbing's ability to operate a motor vehicle. Although this court may not agree with the trial court's ruling on the sufficiency of the evidence, it is within the trial court's discretion to make such findings. The State does not have the right to appeal a verdict based upon the insufficiency of the evidence and this appeal must be dismissed. See Bistricky, supra; State v. Robinson (July 13, 1994), Lorain App. No. 94CA005787, unreported; and State v. Brown (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported.
 {¶ 6} The State is only permitted to appeal questions of substantive law. This court granted the State the right to appeal the substantive law. A review of the record reveals that the real issue is one of sufficiency of the evidence. Thus, the discretionary appeal was improperly allowed. The appeal of the State is dismissed.
Appeal dismissed.
WALTERS and CUPP, JJ., concur.