{¶ 21} Respectfully, I dissent. I would find that the State adequately sought leave to appeal in this matter; that prohibitions against double jeopardy and the issuance of advisory opinions are not implicated here; and that the procedure complained of was objected to in a timely fashion and the issue preserved for appeal. I would proceed to the merits of this matter and address the error involved in finding a defendant not guilty after a plea of no contest to a properly pled felony indictment as one capable of repetition, yet evading review.
{¶ 22} The grand jury returned a three-count indictment against defendant Michael Gump, charging him with drug possession, drug trafficking and possession of criminal tools. The charges arose after the police conducted a search of Gump's truck during a traffic stop and found five grams of cocaine in the glove compartment. The drug counts are not a subject of this appeal. The possession of criminal tools count referred to money and a cell phone found in Gump's possession, and the truck itself as a means for transporting the drugs.
{¶ 23} Gump pleaded no contest to all three counts, and the court found Gump guilty of the two drug offenses. As to the possession of criminal tools count, the court reviewed R.C. 2923.24 and determined that "[t]here is nothing in the facts that the State has presented which would indicate prima facie evidence of possession of criminal tools." Rather, the court stated that "there is certainly evidence to the contrary." Based on these findings, the court found Gump not guilty of possession of criminal tools and entered a judgment of acquittal on that count. The State appeals, arguing that the court had no authority to enter a judgment of acquittal upon a plea of no contest to a felony charge.
{¶ 24} Before addressing any argument relating to the propriety of the court's judgment of acquittal, one must first consider whether the State has the right to appeal from that verdict. The majority says "no."
{¶ 25} It is a very basic proposition of constitutional law that an acquittal on a criminal charge invokes the Double Jeopardy Clause of theFifth Amendment to the United States Constitution to bar a retrial on the same charge. See Arizona v. Washington (1978), 434 U.S. 497, 503-505. In Green v. United States (1957), 355 U.S. 184, 187-188, the United States Supreme Court stated:
{¶ 26} "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."
{¶ 27} To that end, we have held that a reviewing court cannot review a judgment of acquittal entered upon a no contest plea in a criminal case, even though "erroneously based." See State v. Mayfield, Cuyahoga App. No. 81924, 2003-Ohio-2312, appeal dismissed, 102 Ohio St.3d 1240,2004-Ohio-3440. Consequently, the State has no right to appeal from a judgment of acquittal, even if that acquittal was erroneous. See Foo v. United States (1962), 369 U.S. 141.
{¶ 28} Nevertheless, the State seeks leave to appeal under R.C.2945.67(A), which grants courts of appeals the discretion to grant the State leave to appeal under certain circumstances. In State v. Bistricky (1990), 51 Ohio St.3d 157, the syllabus states:
{¶ 29} "A court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."
{¶ 30} The State appears to stipulate in its brief that double jeopardy would bar Gump's retrial based on a judgment of acquittal, and it affirmatively conceded this point at oral argument. Although double jeopardy bars Gump's retrial, neither the mootness doctrine nor the policy against issuing advisory opinions bar the courts of appeals from considering substantive law issues if they are "capable of repetition yet evading review." Id. at 158; State v. Curry (1991), 76 Ohio App.3d 175,177. If the court did err by entering a judgment of acquittal upon a no contest plea, it would be an error "capable of repetition yet evading review," because the error would be one that the court could again commit. I recognize that the panel in Mayfield did not grant, or discuss whether to grant, leave for the State to appeal. But that informs the decision here, because the exact fact pattern has arisen in this case; hence, the issue is certainly capable of repetition. I therefore believe we should exercise our discretion and grant the State leave to bring this appeal on the substantive issue of law relating to the correct disposition of a no contest plea in a felony matter.
{¶ 31} The majority focuses on the technicalities of App.R. 5, which covers the means and manner of requesting leave to appeal. I concede the State erroneously requested this leave in the body of its brief. However, all the substantive requirements of App.R. 5 have been met: leave was timely requested, substantive briefs outlining the issue were filed, and the record and all exhibits were filed and transmitted to this Court. To avoid addressing this issue because a separate, albeit identical, filing was not made, is to elevate form over substance.
{¶ 32} The majority then argues that we should not address this issue because the issue was not preserved by proper objection at trial. That finding is simply inconsistent with the record. After entering the "not guilty" verdict upon Gump's no contest plea, the court specifically stated, "I will note the State's objection for the record. I will also note that in a previous case, the State has taken this issue to the Court of Appeals. I am perfectly ready and willing and able to hear what a three-judge panel has to say about this particular issue." I cannot imagine a clearer and more well-preserved objection.
{¶ 33} In sum, the State's failure to seek leave to appeal by separate motion, while technically incorrect, was vitiated by the State's full compliance with the substance of the rule in this particular filing. This is not an error of such egregious proportion that we should utilize our discretion to deny the State hearing on this issue. This is particularly true since even the trial court requested guidance upon this legal issue. Denial of leave to appeal does a disservice in this case, not only to the State, but also to all conscientious judges seeking to "do the right thing."
{¶ 34} I would find that leave to appeal should be granted to the State. I would find that the error complained of was properly objected to and preserved for our review, and, further, I would find that the State's stipulation that it is not attacking the underlying verdict of not guilty, but requesting review of a substantive law issue capable of repetition, fully complies with the dictates of State v. Bistricky, supra. Accordingly, I would proceed to the merits and find as follows.
{¶ 35} Crim.R. 11(B)(2) states:
{¶ 36} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
{¶ 37} "[W]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird, 81 Ohio St.3d 582, 584, 1998-Ohio-606, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425, 1996-Ohio-93.
{¶ 38} An indictment sufficiently charges an offense if it mirrors the language found in the charging statute. Id. at 585.
{¶ 39} Count three of Gump's indictment charged that he "unlawfully possessed or had under his control a substance, device, instrument, or article, with purpose to use it criminally, to-wit: money and/or a 1995 Chevrolet and/or cellular phone, and such substance, device, instrument, article was intended for use in the commission of a felony, in violation of Section 2923.24 of the Ohio Revised Code." This language is consistent with that of R.C. 2923.24(A), which states that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Thus, Gump's failure to contest the facts charged in count three of the indictment constituted an admission that the indictment sufficiently charged the offense and the court had no choice but to find him guilty of possession of criminal tools.
{¶ 40} Moreover, the State correctly notes that principles of statutory construction very strongly suggest that a court may not enter a judgment of acquittal in felony no contest pleas. R.C. 2937.07 deals with misdemeanor offenses and states that, "[a] plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." There is no such statute for felony no contest pleas. Hence, the maxim of unius est exclusio alterius — the expression of one thing implies the exclusion of another — applies. When the General Assembly chooses to give a specific list of circumstances in which a statute applies, that list is intentionally to the exclusion of others.
{¶ 41} There being no other indication of legislative intent to treat felony no contest pleas in the same manner as misdemeanor no contest pleas, I agree that the court's only options would have been to find Gump guilty or, assuming the indictment adequately alleged a crime, to have refused the plea under Crim.R. 11(C)(2) and to have instructed Gump to enter a plea of not guilty, or to have entered such plea itself under Crim.R. 11(A) and (G). See State v. Cohen (1978), 60 Ohio App.2d 182; State v. Journey (Feb. 10, 1993), Scioto App. No. 92 CA 2077. The court's failure to follow this procedure was erroneous.
{¶ 42} Accordingly, I would hold that when a defendant pleads no contest to a felony charge and the indictment (or information) adequately alleges the crime charged, the court cannot find the defendant not guilty. It can only find the defendant guilty, or change the plea to not guilty and conduct a trial on the merits.