OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a substantive law ruling by the Franklin County Court of Common Pleas rendered in appellant's prosecution of defendant-appellee, Betty J. McGhee, for Medicaid fraud. For the reasons set forth below, we find no error in the trial court's substantive law ruling that appellant challenges.
 {¶ 2} By indictment filed March 21, 2006, it was alleged that appellee committed acts of Medicaid fraud, in violation of R.C. 2913.40(B), over an 11-month period, and that the aggregate value of the Medicaid funds at issue exceeded $5,000, thus qualifying as a *Page 2 
felony of the fourth degree.[1] Appellee pled not guilty and the matter proceeded to a bench trial. At the close of appellant's case-in-chief, appellee moved for a Crim.R. 29 judgment of acquittal on the Medicaid fraud count. The trial court raised the issue of whether appellant had authority to aggregate appellee's individual acts of alleged Medicaid fraud into one felony count, or, alternatively, whether R.C. 2913.61 only authorized separate prosecutions for single offenses without an aggregation of the total property value.
 {¶ 3} After argument was presented on the issue, the trial court determined that Medicaid fraud offenses are not among the specifically designated series of offenses that may be tried as a single offense under R.C. 2913.61(C)(1), (2), and (3). Therefore, the trial court sustained appellee's Crim.R. 29 motion as to the degree of the Medicaid fraud count. The trial court concluded that appellee "provided sufficient evidence to proceed" on the Medicaid fraud count as a misdemeanor.
 {¶ 4} At the end of the trial, the trial court found appellee guilty of Medicaid fraud as a first-degree misdemeanor. The trial court journalized appellee's Medicaid fraud conviction in a February 12, 2007 judgment entry. In said entry, the trial court referred to the misdemeanor Medicaid fraud conviction as a "stipulated lesser included offense" of the originally indicted Medicaid fraud charge.
 {¶ 5} On March 14, 2007, and pursuant to R.C. 2945.67(A), appellant filed a motion for leave to appeal the "substantive issue of law that resulted in [appellee's] conviction of a lesser included offense." Under R.C. 2945.67(A), the courts of appeals *Page 3 
have discretionary authority to decide whether to hear an appeal from a decision adverse to the state other than a final verdict. See State v.Bistricky (1990), 51 Ohio St.3d 157.
 {¶ 6} On May 22, 2007, this court rendered a decision on appellant's motion for leave to appeal. See State v. McGhee (May 22, 2007), Franklin App. No. 07AP-216 (Memorandum Decision). In the decision, it was noted that double jeopardy principles bar appellant from retrying appellee on the indicted felony Medicaid fraud charge given that the trial court ultimately convicted appellant of misdemeanor Medicaid fraud, and that any resolution on the merits of appellant's appeal would affect neither the double jeopardy bar to retrial nor the trial court's judgment of conviction. Id.
 {¶ 7} However, this court resolved that the underlying legal question may still be reviewed by this court because it is capable of repetition yet evading review. See McGhee, citing Bistricky, at 158 (wherein the Supreme Court of Ohio noted that "[o]rdinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review."). This court reasoned as follows: "[I]f appellant attempts to prosecute a Medicaid fraud charge by aggregating offenses as a course of criminal conduct, the issue will evade review if a trial court, like the trial court here, finds that appellant has no such authority and convicts a defendant on a lesser-included offense without dismissing the initial aggregated charge." McGhee, at ¶ 9. Accordingly, this court invoked our discretionary authority pursuant to R.C. 2945.67(A) to review the challenged substantive law ruling, and granted appellant's motion for leave to appeal. See id. *Page 4 
 {¶ 8} In this appeal, appellant sets forth the following single assignment of error for our review:
 The trial court erred when it ruled as a matter of law that the State could not prosecute individual acts of Medicaid fraud as one continuing course of conduct with an aggregate value for property or services.
 {¶ 9} The issue presented by appellant's assignment of error is whether the trial court erred in finding that appellant could not, as a matter of law, prosecute a series of alleged Medicaid fraud offenses as a single offense.
 {¶ 10} Preliminarily, we address appellant's assertion that, since the Medicaid fraud statute became effective in 1986, appellant has indicted Medicaid fraud as a continuing course of criminal conduct, and that no party or court has ever challenged that authority. Appellant suggests that courts have at least tacitly accepted its position, that the indictment of a series of Medicaid fraud offenses as a single offense is proper, when those courts have addressed issues relating to R.C.2913.40. Even though courts, including this court,[2] have been presented with cases involving issues relating to the Medicaid fraud statute, we are unaware of any court directly addressing the issue presented in this appeal. As the Supreme Court of Ohio recently recognized in State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, "`[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.'" Id. at ¶ 11, quoting State ex rel. Gordon v. Rhodes (1952),158 Ohio St. 129, paragraph one of the syllabus. Therefore, the issue presented in this appeal is a matter of first impression. *Page 5 
 {¶ 11} In this case, appellee was charged with violating subsection (B) of Ohio's Medicaid fraud statute, R.C. 2913.40, which provides that "[n]o person shall knowingly make or cause to be made a false or misleading statement or representation for use in obtaining reimbursement from the medical assistance program." The indictment alleged that appellee committed acts of Medicaid fraud over an 11-month period and that the aggregate value of the Medicaid funds at issue exceeded $5,000.
 {¶ 12} R.C. 2913.40(E) provides that whoever violates R.C. 2913.40 is guilty of Medicaid fraud, which is a "theft offense" for purposes of R.C. Chapter 2913. See R.C. 2913.01(K)(1). The classification of the offense depends on the value of the property, services, or funds obtained in violation of the section (hereinafter referred to as the "stolen property"). See R.C. 2913.40(E). Medicaid fraud is classified as a first-degree misdemeanor, unless the value of the stolen property involved is $500 or more. See id. If the value of the stolen property involved is $500 or more, but less than $5,000, the offense is a fifth-degree felony. Id. If the value of the stolen property involved is $5,000 or more, but less than $100,000, the offense is a fourth-degree felony. Id. Lastly, if the value of the stolen property involved is $100,000 or more, the offense is a third-degree felony. Id. Here, the Medicaid fraud charge was classified as a fourth-degree felony because it was alleged that the value of the stolen property involved exceeded $5,000.
 {¶ 13} Appellant contends that the trial court's interpretation of R.C. 2913.61(C), so as to preclude a series of Medicaid fraud offenses to be tried as a single offense, defies logic and common sense. According to appellant, a "fair and just reading of R.C. 2913.61(C) requires offenses of R.C. 2913.40 committed by the offender in his or her same employment capacity to be tried as a single offense." (Appellant's merit brief, at 3.) *Page 6 
Appellant also argues that R.C. 2913.61(A) and (B) provide additional support for its position in this appeal. In an attempt to demonstrate that the intent of the legislature is to authorize the aggregation of Medicaid fraud offenses, appellant resorts to applying rules of statutory interpretation. For example, appellant considers the potential consequences of a particular construction and the primary purpose of the statute. Appellant does not, however, direct this court to any ambiguity in the statute.
 {¶ 14} Appellant's arguments in this case concern the proper application of R.C. 2913.61, which provides as follows:
 (A) When a person is charged with a theft offense * * * the jury or court trying the accused shall determine the value of the property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict. * * *
 (B) If more than one item of property or services is involved in a theft offense * * * the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property or services involved in the offense.
 (C)(1) When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series.
 (2) If an offender commits a series of offenses under section 2913.02 of the Revised Code that involves a common course of conduct to defraud multiple victims, all of the offenses may *Page 7 
be tried as a single offense. If an offender is being tried for the commission of a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code, whether committed against one victim or more than one victim, involving a victim who is an elderly person or disabled adult, pursuant to a scheme or course of conduct, all of those offenses may be tried as a single offense. If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the course of conduct.
 (3) When a series of two or more offenses under section 2921.41 of the Revised Code is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses may be tried as a single offense. If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the series of two or more offenses.
 (4) In prosecuting a single offense under division (C)(1), (2), or (3) of this section, it is not necessary to separately allege and prove each offense in the series. Rather, it is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses or violations of section 2921.41 of the Revised Code in the offender's same employment, capacity, or relationship to another as described in division (C)(1) or (3) of this section, or committed one or more theft offenses that involve a common course of conduct to defraud multiple victims or a scheme or course of conduct as described in division (C)(2) of this section.
 {¶ 15} Based on the following, we resolve that appellant's position in this appeal is contrary to the intent of the legislature. "`The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.'" State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11, *Page 8 
quoting Slingluff v. Weaver (1902), 66 Ohio St. 621, paragraph one of the syllabus. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." Sears v. Weimer (1944),143 Ohio St. 312, paragraph five of the syllabus. "No clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous." State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 11. "When confronted with allegations of ambiguity, a court is to objectively and thoroughly examine the writing to ascertain its meaning." Id., citing Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 11. "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling." Porterfield, at ¶ 11. Thus, if a court finds the statute under review to be ambiguous, it may then resort to rules of statutory construction to determine legislative intent. Christe v. GMS Mgt. Co., 88 Ohio St.3d 376, 377; seeSears.
 {¶ 16} Pursuant to R.C. 2913.61(C), the General Assembly has authorized appellant to prosecute particular series of offenses as a single offense, and, when the series is prosecuted as a single offense, has obviated the requirement that appellant prove each offense in the series. R.C. 2913.61(C) identifies series of offenses under R.C.2913.02[3] that are committed by the offender in the offender's same employment, capacity, or relationship to another, or that involve a common course of conduct to defraud multiple victims, as offenses that may or shall be, depending on the *Page 9 
circumstances,[4] tried as a single offense. R.C. 2913.61(C) also identifies other offenses, including other "theft offenses," as defined in R.C. 2913.01(K), that appellant is authorized to prosecute as a single offense in certain circumstances. See R.C. 2913.61(C)(1), (2), and (3).[5] Although an offense under R.C. 2913.40 is defined as "a theft offense" for purposes of R.C. Chapter 2913, just like an offense under R.C. 2913.02, and other offenses identified in R.C. 2913.61(C)(1), (2), and (3), a series of offenses under the Medicaid fraud statute is not one of those identified in R.C. 2913.61(C)(1), (2), or (3).
 {¶ 17} Upon reviewing the language in R.C. 2913.61 concerning the aggregation of offenses, we find no ambiguity as to whether appellant is authorized to prosecute a series of Medicaid fraud offenses as a single offense. Because we find no ambiguity as to this issue, appellant's reliance upon its contentions concerning the application of rules of statutory interpretation is unavailing. See Sears, supra. Contrary to appellant's position in this appeal, we find that R.C. 2913.61(C) provides no authority for a series of Medicaid fraud offenses to be tried as a single offense.
 {¶ 18} Also unpersuasive is appellant's argument that R.C. 2913.61(A) and (B) provide additional authority for a series of Medicaid fraud offenses to be tried as a single offense. As noted by appellant, R.C.2913.61(A) provides that the value of the property or *Page 10 
services involved in an offense must be determined when a person is convicted of a "theft offense," which includes a Medicaid fraud offense. Additionally, R.C. 2913.61(B) indicates that if more than one item of property or services is involved in a theft offense, the value of the property or services involved for purposes of R.C. 2913.61(A) is the aggregate value of all property or services involved in the offense. Although R.C. 2913.61(B) addresses circumstances where more than one item of property or services is involved in a theft offense, and mandates aggregation of value in those circumstances, it does not address the issue of whether a series of Medicaid fraud offenses, or any other types of offenses, may be tried as a single offense. Therefore, we find that neither R.C. 2913.61(A) nor (B) provides any indication that a series of Medicaid fraud offenses may be tried as a single offense.
 {¶ 19} Based on the foregoing, we conclude that, as a matter of law, the trial court did not err in finding that appellant could not prosecute the alleged series of Medicaid fraud offenses as a single offense. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
[1] Defendant was also charged with two counts of falsification, in violation of R.C. 2921.13(A). No issue relating to those charges is in dispute in this appeal.
[2] See, e.g., State v. Corrai, Franklin App. No. 04AP-599,2005-Ohio-1156 (finding Medicaid fraud convictions, based on series of offenses, to be supported by sufficient evidence and not against the manifest weight of the evidence.)
[3] R.C. 2913.02 prohibits "theft."
[4] Compare R.C. 2913.61(C)(1) with (C)(2). R.C. 2913.61(C)(1) designates particular series of offenses that "shall" be tried as a single offense. R.C. 2913.61(C)(2), and (3) designate particular series of offenses that "may" be tried as a single offense.
[5] Before Sub. H.B. No. 2 (1999) became effective in November 1999, R.C. 2913.61(C) was limited in application to offenses under R.C.2913.02 committed by the offender in the offender's same employment, capacity, or relationship to another. Additionally, in 2000, a series of offenses under R.C. 2921.41, or "theft in office" offenses, was added as a series of offenses that could be tried as a single offense under R.C.2913.61(C), when the offenses were committed in the offender's same employment, capacity, or relationship to another. See R.C.2913.61(C)(3); Sub. H.B. No. 364 (2000). Previously, the Supreme Court of Ohio, in State v. Krutz (1986), 28 Ohio St.3d 36, held that "[t]heft in office offenses, as defined in R.C. 2921.41, are not `theft offenses' which must be tried as a single offense under [former] R.C. 2913.61(C)." Id. at syllabus. *Page 1