[Cite as *State v. C.C.*, 2019-Ohio-4881.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 29278 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| C.C. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 18 CRB 10052 |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals an order that granted C.C.'s motion for acquittal after opening statements. This Court sustains the State's assignment of error, but must affirm the judgment.

I.

{¶2} C.C. was charged with violating a protection order in violation of R.C. 2919.27. Before trial commenced, he filed a motion in limine asking the trial court to exclude the ex parte protection order at issue, arguing that a protection order had not issued after a full hearing and the records of the underlying case had been expunged. The State maintained that C.C. committed the acts at issue while the ex parte protection order was in effect.

{¶3} After opening statements, C.C. moved for a judgment of acquittal, arguing that the State could not present sufficient evidence to obtain a conviction for violating the ex parte order. The trial court granted the motion and dismissed the charge. The State moved for leave to

appeal two issues under App.R. 5(C): whether the trial court erred when it determined that the ex parte protection order had been expunged and whether the trial court erred in granting C.C.'s motion for acquittal after opening statements. This Court granted leave to appeal with respect to the second issue only pursuant to *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT-APPELLANT'S CRIM.R. 29 MOTION.

{¶4} In its sole assignment of error, the State maintains that the trial court erred by considering C.C.'s motion for acquittal because the motion was premature under the Ohio Rules of Criminal Procedure and, even if permitted, because the motion was not based on the content of the opening statement, but on a premature assessment of the evidence that would be adduced at trial. This Court agrees.

{¶5} Crim.R. 29(A) provides for a motion for acquittal based on the sufficiency of the evidence in support of the State's case. The Rule provides:

> **Motion for Judgment of Acquittal**. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

A motion that tests the sufficiency of the evidence "cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion." *State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 16, citing *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16, citing *State v. Abercrombie*, 12th Dist. Clermont No. CA2001–06–057, 2002-Ohio-2414, ¶ 18. In contrast, a defendant may move for a

judgment of acquittal after opening statements based on the State's own admission of fact that the defendant did not commit the offense:

> Where, in a criminal proceeding, the state's statement of its case indicates that the accused was charged with the offense for which he is being tried and there is no admission of fact showing that no offense was committed or that the accused was not guilty of the offense charged, a motion by the accused for judgment on such statement should be overruled.

*State v. Karcher*, 155 Ohio St. 253 (1951), paragraph one of the syllabus. A motion to dismiss under *Karcher*, therefore, does not ask the trial court to evaluate the sufficiency of the anticipated evidence.

{¶6} C.C.'s attorney did not move for a judgment of acquittal based on the State's own admissions of fact in its opening statement under *Karcher*, but on an evaluation of the anticipated evidence at trial. As such, the motion was a premature motion under Crim.R. 29(A), and the trial court erred by permitting the motion. The State's assignment of error is sustained on this basis. Nonetheless, the trial court has entered a judgment of acquittal, and this Court has no choice but to affirm the judgment in favor of C.C. *See Bistricky*, 51 Ohio St.3d at 159.

## III.

{¶7} The State's assignment of error is sustained, but this Court must affirm the judgment of the Akron Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs to be taxed.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

SUSAN MANOFSKY, Attorney at Law, for Appellee.