The STATE of Ohio, Appellant,

v.

BICKEL, Appellee.

[Cite as *State v. Bickel,* 178 Ohio App.3d 535, 2008-Ohio-5747.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 07CA0053.

Decided June 2, 2008.

Martin Frantz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellant.

Mark Clark, for appellee.

---

Moore, Presiding Judge.

{¶ 1} The state appeals from the decision of the Wayne County Municipal Court. This court reverses.

I

{¶ 2} On January 8, 2007, Gary Bickel was charged with one count of being an intoxicated pedestrian on a public highway, in violation of R.C. 4511.481, one count of failure to control, in violation of R.C. 4511.202, and two counts of driving

under the influence, in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d). Bickel pleaded not guilty to these charges. Simultaneously, Bickel was charged with one count of obstructing official business, in violation of R.C. 2921.31, and one count of resisting arrest, in violation of R.C. 2921.33. The record indicates that on January 9, 2007, Bickel pleaded not guilty to both these charges. On May 25, 2007, the matter proceeded to a bench trial. After the state rested its case, Bickel moved for a Crim.R. 29 directed verdict. The state conceded that it had produced insufficient evidence to support the resisting-arrest charge but challenged the motion as to the obstructing-official-business charge. The trial court granted Bickel's motion, finding that the state did not present sufficient evidence to convict him of resisting arrest. While the defense did not raise it as grounds for its motion, the court on its own found that Bickel was not arraigned on the obstructing-official-business charge. The basis of the trial court's finding that Bickel was not arraigned on the obstruction-of-official-business charge is unclear. According to the record, Bickel was arraigned and pleaded not guilty to the charge on January 9, 2007. The entry of plea was signed by a magistrate. Further, the record contains an "Appearance and Entry of Plea" filed on January 9, 2007, and signed by Bickel and his counsel. In this document, Bickel pleaded not guilty to obstruction of official business and demanded a jury trial.

{¶ 3} At the conclusion of all the evidence, the trial court found Bickel guilty of being an intoxicated pedestrian on a public highway and not guilty on the remaining charges. The court's journal entry states that Bickel "was not arraigned on [R.C.] 2921.33 or 2921.31. Accordingly, the court grants [Bickel's] directed verdict on these charges." The state sought, and was granted, leave to appeal from the decision, raising one assignment of error for our review.

II

## ASSIGNMENT OF ERROR

The trial court erred as a matter of law in granting [Bickel's] motion for acquittal as to the charge of obstructing official business, in violation of [R.C. 2921.31], based upon [Bickel] not being previously arraigned on the charges.

{¶ 4} In its sole assignment of error, the state contends that the trial court erred as a matter of law in granting Bickel's motion for acquittal as to the charge of obstructing official business in violation of R.C. 2921.31, based upon Bickel not having been previously arraigned on the charges. We agree.

{¶ 5} We must first note that ordinarily the state is not afforded the right to appeal from a directed verdict of acquittal. R.C. 2945.67 grants the state the right to appeal "by leave of the court to which the appeal is taken any other decision, *except the final verdict,* of the trial court in a criminal case." (Emphasis

added.) The Ohio Supreme Court has held that a directed verdict is a final verdict for purposes of R.C. 2945.67. *State v. Keeton* (1985), 18 Ohio St.3d 379, 18 OBR 434, 481 N.E.2d 629, paragraph two of the syllabus. In a bench trial, jeopardy attaches when the judge begins to receive evidence. *State v. Meade* (1997), 80 Ohio St.3d 419, 424, 687 N.E.2d 278, citing *Crist v. Bretz* (1978), 437 U.S. 28, 35, 98 S.Ct. 2156, 57 L.Ed.2d 24, and *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed.2d 642. "[T]he principles of double jeopardy preclude retrial of [a defendant]." *State v. Davis*, 5th Dist. No. 03 CA–A–07038, 2004-Ohio-2804, 2004 WL 1194064, at ¶ 8. Even so, the issue is not moot if " 'the underlying legal question is capable of repetition yet evading review.' " Id. at ¶ 9, quoting *Storer v. Brown* (1974), 415 U.S. 724, 737, 94 S.Ct. 1274, 39 L.Ed.2d 714, fn. 8. The Ohio Supreme Court has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus. In the instant case, the state moved to appeal on the grounds that "the [t]rial [c]ourt erred as matter of law in granting the Defendant's motion for acquittal as to the charge of Obstructing Official Business, in violation of [R.C.] 2921.31, and Resisting Arrest, in violation of [R.C.] 2921.33, based upon the Defendant not being previously arraigned on the charges."[1] "Substantive law" is defined as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." Black's Law Dictionary (8th Ed.2004) 1470. Essentially, by granting Bickel's Crim.R. 29 motion on the basis that he was not arraigned, the trial court created a material element to the charge, imposing a duty on the state to prove the issue. Accordingly, we find that this is a substantive issue.

{¶ 6} Next, we note that the state is not appealing from the judgment itself. Specifically, the state "recognizes that a reversal of the Trial Court's ruling will not result in reinstatement of the charges." We find that the state is appealing from a ruling that resulted in a judgment of acquittal, not the final verdict itself. *Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644, at syllabus. Finally, we find that this issue is capable of repetition. Without review, it is possible that the trial courts in our district will continue to grant a directed verdict on the basis that there was some defect in the arraignment. Accordingly, we find that this appeal is properly before us to review whether a Crim.R. 29 motion for acquittal can be granted on the ground that the defendant was not arraigned. See *Davis*, 2004-

---

1. Despite its notice of appeal, the state only refers to the obstructing-official-business charge in its assignment of error. Accordingly, we will confine our discussion to that charge. App.R. 12(A)(2) and 16(A)(7).

Ohio-2804, 2004 WL 1194064, at ¶ 11 ("the question raised must be one of substantive law and capable of repetition.")

{¶ 7} In the instant case, the trial court found that Bickel "was not arraigned on [R.C.] 2921.33 or 2921.31. Accordingly, the court grants [Bickel's] directed verdict on these charges." However, the purposes of Crim.R. 29 and the purpose of an arraignment are separate and distinct.

{¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, the purpose of a Crim.R. 29 motion for acquittal is to test the legal sufficiency of the evidence. *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 398 N.E.2d 781, overruled on other grounds, *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 667 N.E.2d 384. A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Wolfe* (1988), 51 Ohio App.3d 215, 555 N.E.2d 689, paragraph one of the syllabus. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.

{¶ 9} "The purpose of an arraignment is to inform the accused of the charges made against him and to allow him to offer an answer to those charges." *State v. Hawkins* (Mar. 24, 1998), 10th Dist. No. 97APA06–740, 1998 WL 134321, *2. Crim.R. 12(C)(1) requires that any objections or defenses based upon defects in the institution of the prosecution be made prior to trial. Accordingly, if a defendant fails to raise an issue regarding the arraignment prior to trial, he has forfeited the objection. Crim.R. 12(H). By continuing to trial despite several trial notices containing the obstructing-official-business charge and by cross-examining the state's witnesses about it, Bickel forfeited any objection he may have had to the alleged failure to arraign him.[2] Thus, an arraignment is clearly not a prerequisite for a finding that the state presented sufficient evidence at trial to convict Bickel on the indicted charges.

{¶ 10} An arraignment is not an element of obstructing official business. See R.C. 2921.31. The trial court erred by imposing a material element on the state that the legislature did not intend to impose. The lack of an arraignment cannot be used as a basis to find that the evidence presented by the state on the material elements of the charge was insufficient. See Crim.R. 29(A). Therefore, we reverse the trial court's decision on this issue. However, as we stated above, our decision does not affect Bickel, as double jeopardy precludes retrial. *Davis,*

---

**2.** We do not decide here whether there was a defect in the arraignment.

2004-Ohio-2804, 2004 WL 1194064, at ¶ 8. We make no judgment as to the sufficiency of the evidence presented on the obstructing official business charge, as that question is not before us. The state's sole assignment of error is sustained.

## III

{¶ 11} The state's sole assignment of error is sustained.

So ordered.

WHITMORE and DICKINSON, JJ., concur.