[Cite as *State v. Roberts*, 2012-Ohio-5018.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  12CA0001 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM M. ROBERTS | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.  TRD-11-10-08396 |

DECISION AND JOURNAL ENTRY

Dated: October 29, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}  A police officer testified that he saw William Roberts operating a van at a gas station and on a public street while his driver's license was under suspension for failure to pay child support.  Following a bench trial, the trial court acquitted Mr. Roberts, apparently because the State had failed to prove that the traffic stop was legal even though Mr. Roberts had never raised a suppression issue based on a challenge to the legality of the traffic stop.  To the extent that the decision of the trial court was based on a determination that the State had failed to prove that the traffic stop was legal, that decision is reversed.  The reversal of that decision does not affect the judgment in favor of Mr. Roberts, however, because the State may seek leave to appeal substantive law rulings that result in judgment of acquittal only if the verdict itself is not appealed.  *State v. Bistricky*, 51 Ohio St. 3d 157, 160 (1990).

BACKGROUND

{¶2} This case was tried to the bench with Mr. Roberts acting pro se. The State's only witness was the police officer who made the stop. Mr. Roberts called his girlfriend and himself as witnesses. The police officer testified that he noticed a van at a gas station that had been involved in a police report the previous week. During the earlier incident, none of the occupants of the van, including Mr. Roberts, had a valid driver's license, but the officer issued no citations because he did not see any of the van's occupants operating the vehicle. On this occasion, the officer noticed the van at a gas station, called dispatch for further details regarding the earlier incident, and learned that the person he saw operating the van matched the description provided by the Bureau of Motor Vehicles for Mr. Roberts. The officer also learned that, as of May 16, 2011, Mr. Roberts' driver's license had been indefinitely suspended due to a child support issue. The officer watched the van as it exited the gas station and was able to confirm, via a photograph, that the driver of the van was Mr. Roberts. At that point, the officer initiated a traffic stop and cited Mr. Roberts for driving with a suspended license.

{¶3} The State presented a certified record from the Bureau of Motor Vehicles containing Mr. Roberts' driving record. The record showed that Mr. Roberts' license was suspended from May 2011 through October 12, 2011. The officer testified that he stopped Mr. Roberts on October 1, 2011. The certified record from the Bureau of Motor Vehicles revealed that the Bureau had sent a letter to Mr. Roberts at 939 Country Club Drive in Wooster on May 25, 2011, notifying him of the child support suspension of his driving privileges.

{¶4} Representing himself at trial, Mr. Roberts called his girlfriend to testify that he was not living at the Country Club Drive address in May 2011 and that, to her knowledge, he had not received any notice of a drivers' license suspension. Mr. Roberts also testified that he had

never received notice that his license was suspended beginning in May 2011. He said that he had not lived at the Country Club Drive address since 2001 and that he had called the Bureau of Motor Vehicles in 2009 to update his address. He acknowledged that the license he was carrying in October 2011 indicated that his address was 939 Country Club Drive. He testified that he took care of the suspension shortly after he was cited. That testimony was confirmed by his driving record that indicated the suspension was lifted on October 12, 2011.

{¶5} After both parties rested, the trial court announced from the bench that, "[i]t does appear as though [Mr. Roberts' license was] suspended at the time of this offense," but continued to explain that "[w]hat really interests me in this particular case is the stop." The trial court explained that there was no testimony about the van being suspicious when the officer saw it at the gas station and no explanation of why officers had reported it as a suspicious vehicle a week earlier. The court stated, "[t]here were not random plate checks that were . . . being conducted at that time. Quite frankly, I don't think that there was any reason that was offered by the State to show that there was a reason for the stop. If random plate checks are being conducted and it becomes clear to the officer that the person driving the vehicle is not valid, he has the right to stop the vehicle. I don't know that there was any reason to do this check at this particular time. There was nothing suspicious about the vehicle." The trial court then found Mr. Roberts not guilty of the offense "given that fact scenario . . . because the State hasn't proven its case beyond a reasonable doubt." The State moved for leave to appeal, and this Court granted the motion.

STATE'S APPEAL

{¶6} "The State's right to appeal in criminal cases is governed by Section 2945.67(A) of the Ohio Revised Code, which provides: '[a] prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants a motion to

dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief . . . , and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case . . . .'" *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St. 3d 405, 2010-Ohio-2430, ¶ 19-20 (quoting R.C. 2945.67(A)). Although a defendant who has been acquitted cannot be retried due to principles of double jeopardy, "the issue is not moot if 'the underlying legal question is capable of repetition yet evading review.'" *State v. Bickel*, 178 Ohio App. 3d 535, 2008-Ohio-5747, ¶ 5 (9th Dist.) (quoting *State v. Davis*, 5th Dist. No. 03 CA-A-07038, 2004-Ohio-2804, ¶ 9). The Ohio Supreme Court has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St. 3d 157, syllabus (1990).

{¶7} In this case, the State sought discretionary review of the trial court's substantive ruling that the State had failed to prove its case because it had not proven the traffic stop was legal. The State acknowledged that "a reversal of the trial court's ruling will not result in reinstatement of the charges [against Mr. Roberts,]" but requested a ruling "on the issues of law" that led to the acquittal. This Court has granted the State's request for leave to appeal the substantive ruling that led to Mr. Roberts' conviction. *State v. Bistricky*, 51 Ohio St. 3d 157, syllabus (1990); R.C. 2945.67(A).

LEGALITY OF THE TRAFFIC STOP

{¶8} The State has correctly argued that the legality of a traffic stop is not an element of the offense of driving under suspension. Under Section 4510.11 of the Ohio Revised Code,

"no person whose driver's . . . license . . . has been suspended under any provision of the Revised Code, other than Chapter 4509 . . . , shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension . . . ." R.C. 4510.11(A). At trial, the State offered evidence that a police officer saw Mr. Roberts operating a motor vehicle at a public gas station and on a public roadway while his license was suspended for failure to pay child support. Despite this evidence, the trial court determined that there was insufficient evidence to convict Mr. Roberts because the State had failed to prove that there was a legitimate reason for the police officer to stop the van. The State has correctly argued that the trial court essentially created an additional element to the charge by requiring the State to prove legality of the traffic stop. If Mr. Roberts wished to challenge the legality of the traffic stop, it was his duty to move to suppress the evidence on that basis. A defendant "must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure." *State v. Peagler*, 76 Ohio St. 3d 496, 500 (1996). "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." *Id.*

{¶9} Even if Mr. Roberts had moved the trial court to suppress any evidence obtained from the traffic stop, the motion would have been properly overruled because there was no search in this case and the stop was legal. The uncontroverted evidence was that the officer saw the license plate number of the van Mr. Roberts was operating while it was parked at a public gas station. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *State v. Willis*, 2d Dist. No. 91 CA 33, 1992 WL 324301, *2 (Nov. 10, 1992) (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)). Under

these circumstances, Mr. Roberts had no expectation of privacy in his license plate numbers. *See id.*

**{¶10}** By the time the officer stopped Mr. Roberts' van, the officer knew that Mr. Roberts had been a passenger in this van recently when it was found parked in a lot with no licensed driver present to operate it. The officer also knew that the operator of the van matched the picture the Bureau of Motor Vehicles has on file for Mr. Roberts and that Mr. Roberts' license was suspended. The Ohio Supreme Court has held that "[if] a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution . . . ." *City of Dayton v. Erickson*, 76 Ohio St. 3d 3, 11 (1996); *see also State v. Owens*, 75 Ohio App. 3d 523, 525 (2d Dist. 1991) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

**{¶11}** To the extent that the trial court ruled that the State failed to prove a violation of Section 4510.11(A) because it did not prove either the legality of the officer's action in running the license plate numbers or the legality of the traffic stop, that decision was incorrect. Even if there had been a valid basis for such challenges, Mr. Roberts waived them by failing to move to suppress evidence before trial. *State v. Peagler*, 76 Ohio St. 3d 496, 500 (1996); Crim. R. 12(C)(3). The State's assignment of error is sustained.

CONCLUSION

**{¶12}** The State's sole assignment of error is sustained because legality of a traffic stop is not a material element of driving under suspension in violation of Section 4510.11(A) of the Ohio Revised Code. The trial court incorrectly imposed a material element on the State that the legislature did not impose. *See State v. Bickel*, 178 Ohio App. 3d 535, 2008-Ohio-5747, ¶ 10 (9th Dist.). Therefore, the decision of the Wayne County Municipal Court is reversed on this

issue. This reversal does not affect Mr. Roberts' acquittal. *See* R.C. 2945.67(A); *see also State v. Bistricky*, 51 Ohio St. 3d 157, syllabus (1990).

So ordered.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney for Appellant.

WILLIAM M. ROBERTS, pro so, Appellee.