[Cite as *State v. Nieves*, 2013-Ohio-4093.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

    v.

SAMUEL J. NIEVES

    Appellee

C.A. No.      12CA010255

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     10CR081259

DECISION AND JOURNAL ENTRY

Dated: September 23, 2013

CARR, Judge.

{¶1} The State appeals from the decision of the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2} Samuel Nieves was indicted on one count of rape in violation of R.C. 2907.02(A)(2), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). He pleaded not guilty, and the matter was tried to the bench. After the State rested, Nieves moved for judgment of acquittal pursuant to Crim.R. 29 as to both charges. The trial judge initially indicated that he would deny the motion as to both charges upon finding that, when construing the evidence in favor of the State, the State had made a prima facie case. However, after defense counsel stated that the victim testified, "No" in response to his question on cross-examination, "Was defendant's penis ever inside you," the trial judge granted the Crim.R. 29 motion as to rape. He left open the question of whether Nieves committed attempted rape. In response, the

assistant prosecutor reiterated the victim's testimony on direct examination in which she asserted that Nieves put his penis between the lips of her vagina. The State noted that the case law in this district, as well as in other districts in the state, holds that penetration beyond the labia is sufficient to support a charge a rape. The trial court refused to acknowledge the authority of that case law and ultimately found Nieves not guilty of rape, but guilty of gross sexual imposition.

{¶3} Although the trial court found Nieves guilty of gross sexual imposition in June 2012, it continued him on bond and did not sentence him until November 30, 2012. The court sentenced Nieves to 17 months in prison and classified him as a Tier II sexual offender. On January 25, 2013, Nieves moved for judicial release, asserting that he had entered prison on December 18, 2012, and was eligible for such release. Although the State opposed Nieves' motion, the trial court granted judicial release on March 4, 2013.

{¶4} The State sought and was granted leave to appeal from the trial court's decision to refuse to apply the established law of this district when ruling on Nieves' Crim.R. 29 motion. The State raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT APPLIED THE INCORRECT STANDARD OF PENETRATION IN A RAPE CASE IN DIRECT CONTRADICTION OF *STATE V. MELENDEZ*, 9TH DIST. LORAIN NO. 08CA009477, 2009-OHIO-4425.

{¶5} The State argues that the trial court erred as a matter of law in granting Nieves' motion for judgment of acquittal as to the charge of rape based on its refusal to apply the law as enunciated by this Court regarding the definition of penetration. This Court agrees.

{¶6} As an initial matter, this Court recognizes that the State is not ordinarily afforded the right to appeal from a directed verdict of acquittal pursuant to Crim.R. 29. Specifically, R.C.

2945.67(A) allows the State to appeal "by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *." As we previously recognized:

> The Ohio Supreme Court has held that a directed verdict is a final verdict for purposes of R.C. 2945.67. *State v. Keeton*, 18 Ohio St.3d 379 (1985), paragraph two of the syllabus. In a bench trial, jeopardy attaches when the judge begins to receive evidence. *State v. Meade*, 80 Ohio St.3d 419, 424 (1997), citing *Crist v. Bretz*, 437 U.S. 28, 35 (1978), and *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). "[T]he principles of double jeopardy preclude retrial of [a defendant]." *State v. Davis*, 5th Dist. Delaware No. 03 CA-A-07038, 2004-Ohio-2804, ¶ 8. Even so, the issue is not moot if "'the underlying legal question is capable of repetition yet evading review.'" *Id.* at ¶ 9, quoting *Storer v. Brown*, 415 U.S. 724, 737 (1974), fn.8. The Ohio Supreme Court has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus.

*State v. Bickel*, 178 Ohio App.3d 535, 2008-Ohio-5747, ¶ 5 (9th Dist.).

{¶7} In this case, the State is not appealing from the judgment of acquittal itself. Specifically, the State asserts that it is "fully cognizant that [] Nieves' acquittal as to the Rape charged in the indictment, as well as the principle of Double Jeopardy, precludes this Court from reversing and remanding the matter for further hearing." Instead, the State has moved to appeal on the grounds that "the trial court failed to apply the appropriate case law to the facts of this matter when it granted [] Nieves' Criminal Rule 29 motion for acquittal."

{¶8} This Court has recognized that "substantive law" is defined as "'[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties.'" *Bickel* at ¶ 5, quoting Black's Law Dictionary (8th Ed.2004) 1470. In this case, the trial court granted Nieves' Crim.R. 29 motion as to the rape charge after finding that vaginal rape can only legally occur if there has been penetration beyond the "introitus." Although the trial court did not define the term, "introitus" is defined as "the orifice of a body cavity; especially: the vaginal opening."

http://www.merriam-webster.com/medical/introitus (accessed Aug. 9, 2013). By granting Nieves' Crim.R. 29 motion on the basis that the State proved only that Nieves inserted his penis inside the victim's labia but not beyond the introitus, the trial court "created a material element to the charge, imposing a duty on the [S]tate to prove the issue." *See Bickel* at ¶ 5. Accordingly, this Court concludes that the State has raised a substantive issue for review.

{¶9} The trial court granted Nieves' motion for acquittal after refusing to recognize established case law. This Court, after extensive research, joined with our many sister districts in holding that "insertion, however slight, of a part of the body or other object within the vulva of labia is sufficient to prove vaginal penetration for purposes of proving sexual conduct as defined in R.C. 2907.01(A) and rape in violation of R.C. 2907.02." *State v. Melendez*, 9th Dist. Lorain No. 08CA009477, 2009-Ohio-4425, ¶ 14. We reiterated that holding in *In re T.L.*, 186 Ohio App.3d 42, 2010-Ohio-402, ¶ 21 (9th Dist.), *vacated in part on other grounds*, 127 Ohio St.3d 9, 2010-Ohio-4936. In both cases, the relevant holding was rendered by a unanimous panel. Nevertheless, the trial judge in the instant case eschewed established precedent, refusing to recognize that penile penetration within the labia or vulva is sufficient penetration for purposes of rape. The judge stated:

> That is for oral sex. In fact, there needn't be any penetration. However, the statute, *notwithstanding what* Judge – *some judge might think*, says that rape is the penetration of the vaginal cavity. The vaginal cavity begins at the introitus, which is well beyond the labia. *So to that extent, I don't care what anybody says, I'm right. In fact, the more I talk, the righter I get*.

(Emphasis added.) Accordingly, in the face of such an expressed disregard for the precedent of this higher court, such action is not only capable of repetition, but is highly likely to be repeated by this particular trial judge. Moreover, without review, other trial courts within this district may disregard our established precedent and grant directed verdicts in rape cases on the basis that the

State only proved penetration within the labia or vulva. Accordingly, this Court concludes that the State's appeal is properly before us.

{¶10} Crim.R. 29(A) mandates that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." As we recognized in *Bickel*:

> Thus, the purpose of a Crim.R. 29 motion for acquittal is to test the legal sufficiency of the evidence. A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. In making this determination, all evidence must be construed in a light most favorable to the prosecution.

(Internal citations and quotations omitted.) ¶ 8.

{¶11} At trial, the victim testified that Nieves, whom she knew, lured her and a friend into his apartment under false pretenses. She testified that, after sending her friend off to buy food, Nieves pushed her down onto a couch; pulled off her pants, underwear, and shoes; and took off his own shorts. The victim testified that Nieves tried to put his penis in her vagina. When asked whether he was able to do that, the victim responded, "Not all the way." The assistant prosecutor sought clarification and asked the victim, "Where did it go?" The victim responded, "Between the lips of my vagina." The victim further clarified that she believed that Nieves was not able to fully insert his penis into her vagina because she was fighting him. On cross-examination, the victim agreed that Nieves touched his "private parts" with hers, touching his penis against her vagina, and that "it never went inside." From context, however, it is reasonable to believe, when construing the evidence in a light most favorable to the State, that the victim meant that Nieves' penis did not enter into her vaginal cavity, rather than that it did not enter the area within her labia.

{¶12} In construing the evidence in a light most favorable to the State, the trial court was compelled to consider whether the State presented sufficient evidence of sexual conduct for purposes of rape pursuant to the standard enunciated in *Melendez* i.e., whether the State presented evidence that Nieves inserted his penis within the victim's vulva or labia. That the trial judge personally disagrees with this Court's holding in *Melendez* "cannot be used as a basis to find that the evidence presented by the [S]tate on the material elements of the charge was insufficient." *See Bickel* at ¶ 10. Accordingly, this Court reverses the trial court's decision on this issue. However, this decision has no effect on Nieves' acquittal because double jeopardy precludes retrial. *See id.*, citing *Davis, supra*, at ¶ 8. The State's assignment of error is sustained.

III.

{¶13} The State's sole assignment of error is sustained.

Judgment reversed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURS N JUDGMENT ONLY.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

PAUL GRIFFIN, Attorney at Law, for Appellee.