[Cite as *State v. Powell*, 2014-Ohio-719.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130389 |
| | | C-130390 |
| Plaintiff-Appellant, | : | TRIAL NOS.  F-13-735z |
| | | F-13-744z |
| vs. | : | |
| DARLA POWELL, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 28, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Christopher P. Kapsal*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1}   The state of Ohio appeals the judgment of the Hamilton County Juvenile Court dismissing sua sponte two criminal charges against defendant-appellee Darla Powell before arraignment.  Upon our determination that the juvenile court abused its discretion in dismissing the charges, we reverse the judgment.

{¶2}   On March 27, 2013, Powell was charged with contributing to the unruliness of a minor in violation of R.C. 2919.24(A)(2), stemming from her eight-year-old son's habitual truancy from school, and with failing to send her five-year-old son to school, in violation of R.C. 3321.38.

{¶3}   On April 22, 2013, when Powell failed to appear for arraignment on the charges, the Hamilton County Juvenile Court issued a warrant for her arrest.  Powell posted bond on May 24, 2013, and was ordered to appear in court on June 18, 2013.

{¶4}   On June 18, 2013, Powell appeared for arraignment.  The juvenile court recommended that Powell obtain counsel.  Then the court stated that it was "going to continue this matter * * * for an arraignment hearing and for [Powell to obtain] counsel."  The court instructed Powell to appear with counsel on July 8, 2013.  The court told the prosecutor to ensure that a school resource officer would be present at that arraignment hearing.  The prosecutor responded that he did not believe that resource officers were available in the summer.

{¶5}   At that point, Powell told the court that she wanted to "just go ahead and just get [her case] over with today."  The court abruptly dismissed both cases against Powell: "Because school is out, I'm not going to continue this case for four months.  When school returns, they can always refile.  So we're going to dismiss this today."  The prosecutor objected, pointing out that a prosecuting witness need not be present for an arraignment.

{¶6}    The state appeals.  In a single assignment of error, the state argues that the juvenile court abused its discretion by dismissing the criminal charges against Powell over the state's objection.  We find this assignment of error to be well taken.

{¶7}    A trial court may dismiss a case over the state's objection pursuant to Crim.R. 48(B) "if a dismissal serves the interests of justice."  *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996).  The court must include in the record its findings of fact and reasons for the dismissal.  Crim.R. 48(B); *State v. Mobley*, 1st Dist. Hamilton No. C-980868, 1999 Ohio App. LEXIS 4066 (Sep. 3, 1999); *State v. Wright*, 1st Dist. Hamilton No. C-960019, 1996 Ohio App. LEXIS 3157 (July 24, 1996).  We review a trial court's decision to dismiss a case under Crim.R. 48(B) for an abuse of discretion.  *Busch* at 616.

{¶8}    In this case, the trial court dismissed the charges against Powell based upon the court's erroneous presumption that a prosecuting witness was required to be present at Powell's upcoming arraignment.  The purposes of arraignment are to inform the defendant of the charges against her, to allow her to enter a plea to the charges, and to advise her of her right to counsel.  *See* Crim.R. 10; R.C. 2937.03; R.C. 2943.02; *see also State v. Bickel*, 178 Ohio App.3d 535, 2008-Ohio-5747, 899 N.E.2d 154, ¶ 9 (9th Dist.).  The state is not required to present witnesses or evidence at arraignment.  *See generally id.*  Because the trial court erred in assuming that the prosecuting witness was required to be present at arraignment, the dismissal of the charges against Powell did not serve the interests of justice, so the court abused its discretion by dismissing them.  Accordingly, we sustain the state's assignment of error, reverse the decision of the trial court, and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**DINKELACKER** and **FISCHER, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.