SLEMMER v. CRAMPTON ET AL.

1. **Will**: DEVISE OF LIFE ESTATE. A will devising the use and enjoyment of certain real estate to A. "to be enjoyed by her during her natural life only," and after her death to her heirs, "free and clear of all liens and incumbrances thereon," was *held* to give her only a life estate, the intent of the testator being to create a new stock of descent at her death.

*Appeal from Bremer District Court.*

FRIDAY, DECEMBER 13.

ACTION to foreclose a mortgage. The answer admits the allegations of the petition, but it is stated therein that Maria A. Crampton, whose name before her marriage was Maria A. Avery, and by whom the mortgage was executed, only had a life estate in the mortgaged premises, and the court was

asked to provide in the decree that such life estate only should be sold. Such a decree was entered and the plaintiff appeals.

*D. T. Gibson,* for appellant.

No appearance for appellees.

SEEVERS, J.—Whatever title Maria A. Avery had was derived through the will of George W. Avery, her father. It pro-

1. WILL: devise of life estate. vides: "I give and bequeath unto my beloved daughter, Maria A. Avery, to be used, occupied, and enjoyed by her after she becomes of the age of legal majority, during her natural life only, the following lands: * * * * * and it is my further will that after the death of my daughter Maria said lands and lot shall go to the heirs of her body fee (free) and clear of all liens and incumbrances thereon."

It is insisted the said Maria under the will took a fee simple estate under the rule in *Shelley's Case.* Such rule has been defined as follows: "That when the ancestor by any gift or conveyance taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or entail, the *heirs* are words of limitation and not words of purchase." 4 Kent, 215. The same author says: "There is more latitude of construction allowed in wills in furtherance of the testator's intention" (4 Kent, 216), and that "there are several cases in which, in a devise, the words *heirs* or *heirs of the body* have been taken to be words of purchase and not of limitation, in opposition to the rule in *Shelley's Case.* * * * * Thus it is in the case of a limitation to A. for life *only,* and to the next heir male of his body, and the heirs male of such heir male. * * * * In such cases it appears that the testator intended the heirs to be the root of a new inheritance or stock of a new descent, and the denomination of heirs of the body was merely descriptive of the persons who were intended to take." 4 Kent, 421.

Slemmer v. Crampton.

The case at bar is clearly within this rule. The real estate was devised to Maria A. Avery for the term of her natural life *only*. During that time she was to occupy and enjoy the same, and at her death the real estate was to "go to the heirs of her body, free of all liens and incumbrances." The intent of the testator to create a new stock of descent at her death is entirely clear.

AFFIRMED.