## A. L. ZAVITZ, Appellant, v. ERNEST G. PRESTON.

**Will Construed:** LIFE ESTATE. A will devised lands to one "during his natural life, and, at his death the premises shall go to and be equally divided between his heirs and next of kin." It also directed devisee to pay to another, during her life, a stated sum per month, and that his allowance should be a lien upon the land devised. *Held*, nothing more than a life estate is created by such a will.

*Appeal from Carroll District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, OCTOBER 18, 1895.

Proceeding for the interpretation of a will which contained a devise of real estate. From a judgment in favor of the defendant, the plaintiff appeals.— *Reversed.*

*Theodore G. Paine* for appellant.

*F. A. Charles* for appellee.

Robinson, J.—The agreed statement upon which the decision of the district court was based shows the following facts: John Miller, a resident of the state of Ohio, died leaving a will which was admitted to probate in this state, and which contained a provision as follows: "I give and devise to my grandson, Ernest G. Preston, the following described premises, to-wit: The southeast quarter of section eight, township eighty-one, range thirty-three west of the fifth P. M., in Guthrie county, Iowa,—160 acres,—together with the rents and issues thereof during his natural life; he, however, paying to his mother, Ella Preston, $5.00 each and every month during her natural life, said payments

to be and remain a lien upon said premises until paid; and at the death of my grandson, Ernest G. Preston, the premises so bequeathed to him to go to, and be equally divided between, his lawful heirs and next of kin." The testator was seized of the land described, and the devisee named is the defendant in this action. In August, 1894, he sold and conveyed this land to the plaintiff by a deed which covenanted that the grantor held the premises by a good and perfect title, that he had good right and lawful authority to sell and convey them, that they were free from all liens and lawful incumbrances, and that he would warrant and defend the title against the lawful claims of all persons. The consideration for the deed was the sum of five thousand dollars.

The questions we are required to determine are whether the will vested in Preston a title in fee simple, or a life estate only, and whether the covenants of the deed have been broken. The district court found and adjudged that the title in fee simple vested in Preston, and that the covenants of his deed had not been broken. It is claimed by the appellant, and admitted by the appellee, that the decision of the district court was based upon the rule in *Shelley's Case*. A statement of that rule is as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." 4 Kent, Comm. 225; *Pierson v. Lane,* 60 Iowa, 60 (14 N. W. Rep. 90). Another statement

of the rule, quoted by the same author is as follows: "When the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, in fee or in tail, *'the heirs'* are words of limitation of the estate, and not words of purchase." 4 Kent, Comm. 214. Whether the rule in *Shelley's Case* is in force in this state, we need not determine. It certainly cannot be invoked to defeat the intent of the testator. When that is ascertained according to established rules, it will prevail, if not in violation of law. *Kiene v. Gmehle*, 85 Iowa, 316 (52 N. W. Rep. 232), and cases cited therein. In this case the devise was to the defendant "during his natural life," and at his death "the premises so bequeathed to him to go to, and be equally divided between, his lawful heirs and next of kin." It is clear that the testator intended that the devisee should have a life estate only. The provision for the payment of a sum to Mrs. Preston monthly during her natural life, and making it a lien upon the premises until paid, created, at most, a lien upon the estate actually granted to the devisee, and did not enlarge it. Our conclusion with respect to the nature of the estate granted to the defendant finds ample support in the case of *Kiene v. Gmehle, supra;* and *Slemmer v. Crampton*, 50 Iowa, 302. It follows that there has been a breach of the covenants of the deed in question. The parties have stipulated that, in case it shall be finally held that the interest devised to the defendant was a life estate only, further proceedings may be had to ascertain the damages the plaintiff has sustained. The judgment of the district court is reversed, and the cause is remanded for further proceedings in harmony with the opinion.—*Reversed.*