[Cite as *State v. Wood*, 2013-Ohio-3446.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-CA-00013 |
| | : | |
| LONNIE WOOD | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Perry County Court of
                                  Common Pleas, Case No. CRB1200169

JUDGMENT:                         DISMISSED

DATE OF JUDGMENT ENTRY:           July 23, 2013

APPEARANCES:

For Plaintiff-Appellant:                    For Defendant-Appellee:

MICHAEL DEWINE                              ROBERT G. MCCLELLAND
ATTORNEY GENERAL                            P.O. Box 340
                                            Zanesville, OH 43702-0340
MATTHEW J. DONAHUE
SPECIAL PROSECUTING ATTORNEY
150 E. Gay St., 16th Floor
Columbus, OH 43215

*Delaney, J.*

{¶1}  Plaintiff-Appellant State of Ohio appeals the April 11, 2012 sentencing entry of the Perry County Court of Common Pleas.  Defendant-Appellee is Lonnie Wood.

## FACTS AND PROCEDURAL HISTORY

{¶2}  The underlying facts are unnecessary for disposition of this appeal.

{¶3}  On April 4, 2012, the trial court took a no contest plea from Defendant-Appellee Lonnie Wood for restraining and assaulting a female Perry County employee in a county office while Wood was a Perry County Commissioner.  A visiting judge and special prosecutor were appointed to the matter.  The trial court found Wood guilty of Assault, a first degree misdemeanor in violation of R.C. 2903.13(A), and Unlawful Restraint, a third degree misdemeanor in violation of R.C. 2905.03.

{¶4}  The State and Wood reached a plea agreement, but there was no agreed sentence recommendation by the parties as to confinement, fines, or community service.  The trial court stated in open court:

On the assault charge, the fine will be a thousand dollars and costs, sixty

days in jail.  On the unlawful restraint, the fine will be two hundred and fifty

dollars and costs, and thirty days in jail.  I am going to suspend fifty of the

days on the assault and twenty of the days on the unlawful restraint and

those two jail sentences will run concurrent with each other.  I'm going to

order that you served one hundred hours of community service within the

next ninety days and I'm going to Order [sic] that you be placed on

probation for a term of two years and as a part of that probation there will

be some sort of assessment done um, by an agency that will be determined, if they believe that further counseling is necessary, you are to undergo and complete that counseling successfully if after an assessment that is not determined necessary than obviously that won't have to be followed. Also, obviously the portion of the agreement that you signed will all be in effect. You are not to hold public office for ten years, you are to resign and apparently have resigned your seat as County Commissioner.

(Sentencing Hearing Transcript, p. 11).

{¶5} The parties questioned at the sentencing hearing when Wood was to report to jail:

MCCELLAND: Yes your honor. I would ask the Court to set a report to jail date, sometime in the future so Mr. Wood can get his affairs in line and um, report at a later date.

DONAHUE: Your honor, I would leave that up to the Court. I have spoken to the Sheriff and he indicated that if the Court did impose a jail sentence that he did have immediate arrangements but certainly that is the power of the Court.

JUDGE: Well, I don' think that Mr. Wood poses any flight risk of any kind, uh, I have traditionally given defendant's [sic] and opportunity to uh, when they come [sic] Court they don't know if they're going to jail and if so, they don't know for how long. So sometimes, affairs do have to be arranged, so I'm willing to allow you to report to Court at some later date, in the near future. Do you have a proposed date?

* * *

JUDGE: * * * I am going to Order that you report on Monday April the 23rd, at 2:00 pm.

(Sentencing Hearing Transcript, p. 12-13).

{¶6} The trial court issued its sentencing entry on April 11, 2012. The sentencing entry contained the sentencing terms stated in open court on April 4, 2012. However, the trial court added the following term to the sentencing entry:

Further, the incarceration time is to run concurrent, with the suspended incarceration time to run consecutive, the incarceration will be a total of ten (10) days, with the option of twenty (20) days home arrest in lieu of incarceration.

(Sentencing Entry, April 11, 2012). The parties agree the trial court did not state in open court on April 4, 2012 that electronically monitored house arrest was a part of Wood's sentence.

{¶7} Wood was placed on house arrest on April 25, 2012. The State filed a Motion to Stay Imposition of Sentencing with the trial court on April 30, 2012. The trial court ordered on May 1, 2012 that Wood's house arrest be temporarily halted until further order of the court.

{¶8} On May 7, 2012, the State filed a Motion for Leave to Appeal pursuant to App.R. 5(C). Wood filed an opposing memorandum on June 6, 2012. We granted the motion for leave to appeal by judgment entry on June 21, 2012.

{¶9} This Court dismissed the State's appeal on September 21, 2012 for want of prosecution. The State failed to timely file its appellate brief. Based on the dismissal

of the appeal, Wood restarted his house arrest in October 1, 2012 and terminated on October 19, 2012. Wood completed his 100 hours of community service.

{¶10} On December 20, 2012, the State filed a Motion for Leave to Reopen Appeal. The State argued the Perry County Clerk of Courts failed to forward this Court's orders to the special prosecutor and the State was unaware of this Court's orders. We granted the motion to reopen on February 5, 2013.

{¶11} We now consider the State's appeal.

## ASSIGNMENTS OF ERROR

{¶12} The State raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE, WHEN CONTRARY TO THE REQUIREMENTS OF CRIM.R. 43, ESTABLISHED CASE LAW AND THE OHIO AND FEDERAL CONSTITUTIONAL [SIC], IT PRONOUNCED ONE SENTENCE IN OPEN COURT, BUT IN THE SENTENCING ENTRY IMPOSED A DIFFERENT SENTENCE, WITHOUT NOTICE TO THE PARTIES AND WITHOUT AN ADDITIONAL HEARING."

## ANALYSIS

{¶14} Before this Court engages in an analysis of the merits of the State's Assignment of Error, we first conduct an in-depth inquiry into the issue of whether we have jurisdiction to consider the State's appeal of the April 11, 2012 sentencing entry.

{¶15} The State may appeal a criminal matter under limited circumstances. It is well-established the State may appeal in a criminal case only when a statute gives it express authority to do so. *See State v. Hensley,* 2nd Dist. No. 18886, 2002-Ohio-1887, citing Ohio Constitution, Article IV, Section 3(B)(2); *State ex rel. Leis v. Kraft*, 10

Ohio St.3d 34, 460 N.E.2d 1372 (1984); *State v. Rogers*, 110 Ohio App.3d 106, 673 N.E.2d 666 (4th Dist.1996).

{¶16} The general authority for the State to appeal is found in R.C. 2945.67(A). The statute reads:

> A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

{¶17} The trial court's sua sponte modification of Wood's sentence to include the option to serve 20 days of house arrest with electronic monitoring in lieu of 10 days in jail does not fall under any of the "appeal as a matter of right" categories for the State in R.C. 2945.67(A), i.e., dismissal of an indictment/complaint, granting a suppression

motion, a return of seized property, or post conviction relief. The second clause of R.C. 2945.67(A) provides the State has the right to appeal "any other decision" by leave of court. It is within the court's discretion to grant or deny the State's motion for leave to appeal under the second clause of R.C. 2945.67(A).

{¶18} This Court granted the State leave to appeal the April 11, 2012 sentencing entry. Upon further analysis of the matters raised in the original motion for leave to appeal, response in opposition, and this appeal, we find the leave to appeal under R.C. 2945.67(A) was improvidently allowed.

{¶19} The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). Woods was convicted of a first degree misdemeanor and a third degree misdemeanor. A trial court may impose a definite jail term of not more than one hundred eighty days (six months) for a misdemeanor of the first degree. R.C. 2929.24(A)(1). A trial court may impose a definite jail term of not more than sixty days for a misdemeanor of the third degree. R.C. 2929.24(A)(3). In this case, the trial court sentenced Wood to 60 days in jail, with 50 days suspended, on the first degree misdemeanor conviction. The trial court sentenced Wood to 30 days in jail, with 20 days suspended, on the third degree misdemeanor conviction.

{¶20} Pursuant to R.C. 2929.24(H), the trial court retains jurisdiction over the offender and the jail term under the following terms:

> If a court sentences an offender to a jail term under this section, the sentencing court retains jurisdiction over the offender and the jail term. Upon motion of either party or upon the court's own motion, the court, in

the court's sole discretion and as the circumstances warrant, may substitute one or more community control sanctions under section 2929.26 or 2929.27 of the Revised Code for any jail days that are not mandatory jail days.

{¶21} R.C. 2929.27(A)(2) states:

(A) Except when a mandatory jail term is required by law, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, may impose upon the offender any nonresidential sanction or combination of nonresidential sanctions authorized under this division. Nonresidential sanctions include, but are not limited to, the following: * * *

(2) A term of house arrest with electronic monitoring or continuous alcohol monitoring or both electronic monitoring and continuous alcohol monitoring, a term of electronic monitoring or continuous alcohol monitoring without house arrest, or a term of house arrest without electronic monitoring or continuous alcohol monitoring[.]

{¶22} The trial court sentenced Wood to 60 days in jail, with 50 days suspended, on the first degree misdemeanor conviction. The trial court sentenced Wood to 30 days in jail, with 20 days suspended, on the third degree misdemeanor conviction. The trial court ordered the incarceration to be served concurrently, resulting in 10 days in jail. The trial court gave Wood the option of serving 10 days in jail or 20 days on house arrest with electronic monitoring.

{¶23} We find the sentence pronounced in the April 11, 2012 sentencing entry was not contrary to law. These facts and law were presented in the State's motion for

leave to appeal and Wood's response in opposition.  Upon our further consideration of the circumstances of this case and the discretionary nature of the State's ability to appeal "any other decision" in a criminal matter under R.C. 2945.67(A), we find the State's motion for leave to appeal was improvidently allowed.

{¶24} The appeal of Plaintiff-Appellant State of Ohio is dismissed.

By:  Delaney, J., and

Baldwin, J. concur,

Hoffman, J., concurs separately

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. CRAIG R. BALDWIN

PAD:kgb

*Hoffman, P.J., concurring*

{¶25} I concur in the majority's decision to dismiss this appeal as being improvidently granted. However, I do so primarily because Appellant has already served the sentence as set forth in the trial court's sentencing entry.[1]

_____
HON. WILLIAM B. HOFFMAN

---

[1] I would have found R.C. 2929.24(H) authorizes the trial court to sua sponte substitute house arrest for the non-mandatory jail days in the case sub judice had this Court reached the merits of the appeal.