[Cite as *State v. Renchen*, 2014-Ohio-1580.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-02-002 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 4/14/2014 |
| - vs - | | |
| | : | |
| GARLAND RENCHEN, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2012-2118

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellant

Michael K. Allen, 810 Sycamore Street, Cincinnati, Ohio 45202, for defendant-appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the decision of the Brown County Court of Common Pleas rendering judgment in favor of defendant-appellee, Garland Renchen. Because the state to failed obtain leave of court to appeal the trial court's decision pursuant to App.R. 5(C) and R.C. 2945.67(A), this appeal is hereby dismissed.

{¶ 2} Renchen is the former mayor of the village of Aberdeen, located in Brown County, Ohio. The allegations in this case arise from an anonymous complaint received by

the Brown County Board of Elections during the 2011 general election campaign. At the time, Renchen, while still the incumbent mayor, was a candidate for village council. The complaint alleged Renchen would go door-to-door and ask residents if they needed assistance in filling out their absentee ballots. From there, Renchen would allegedly coerce those individuals to vote for him and one other person.

{¶ 3} On April 26, 2012, Renchen was indicted for one count of bribery in violation of R.C. 3599.02 and five counts of interfering with civil rights in violation of R.C. 2921.45. The bribery charge was later dismissed by the state.

{¶ 4} On January 14, 2013, Renchen was tried to the bench. In its case-in-chief, the state presented the testimony of the victims who alleged Renchen interfered or attempted to interfere with their voting rights by "assisting" in the filling out of the absentee ballots. Immediately following the presentation of the state's evidence, Renchen's counsel moved for acquittal based on insufficient evidence pursuant to Crim.R. 29 on the five counts of interfering with civil rights. Following argument, the trial court granted Renchen's request for acquittal on four of the five counts, but denied the request with respect to one remaining count. At the conclusion of trial, the trial court found Renchen not guilty of the remaining count of interfering with civil rights.

{¶ 5} The state now appeals, raising the following assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE.

{¶ 7} The general authority for the state to appeal is found in R.C. 2945.67(A), which provides:

> A prosecuting attorney, village solicitor, city director of law, or the
> attorney general may appeal as a matter of right any decision of
> a trial court in a criminal case, or any decision of a juvenile court
> in a delinquency case, which decision grants a motion to dismiss
> all or any part of an indictment, complaint, or information, a

> motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, *and may appeal by leave of the court to which the appeal is taken any other decision*, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

*Id.* (emphasis added); *State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460, ¶ 8.

{¶ 8} In other words, R.C. 2945.67(A) provides the state with the limited right to appeal orders granting: "(1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) postconviction relief." The state may also appeal "any other decision" of the trial court but only if it first obtains leave to do so from the court of appeals. *Mitchell* at ¶ 8; *State v. Kole*, 11th Dist. Ashtabula No. 99-A-0015, 2000 WL 1460031, * 3 (Sept. 29, 2000); *State v. Wood*, 5th Dist. Perry No. 12-CA-00013, 2013-Ohio-3446, ¶ 17. "When the prosecution wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must ask for leave to appeal under App.R. 5(C)." *Mitchell* at ¶ 9; *State v. Hensley*, 2d Dist. Montgomery No. 18886, 2002 WL 628626, *3 (Apr. 19, 2002); *State v. Perroni*, 11th Dist. Lake No. 96-L-107, 1998 WL 553005, *3 (June 26, 1998).

{¶ 9} While the state seeks to characterize the trial court's decision as a dismissal of the indictment, we note the record clearly reflects the trial court granted Renchen's Crim.R. 29 motion for acquittal based on insufficient evidence. A Crim.R. 29 judgment of acquittal is a "final verdict" within the meaning of R.C. 2945.67(A). *State v. Keeton*, 18 Ohio St.3d 379, 381 (1985); *State v. Vertock*, 8th Dist. Cuyahoga No. 97888, 2012-Ohio-4283, ¶ 7. Therefore, we disagree with the suggestion that the state may appeal the trial court's

decision as a matter of right.

{¶ 10} Because a Crim.R. 29 judgment of acquittal is a final verdict, the judgment "'is not appealable by the State either as a matter of right, or by leave to appeal.'" *State v. Pawelski*, 2d Dist. Montgomery No. 22466, 2008-Ohio-5180, ¶ 11, quoting *Keeton* at 381; *State v. Stebbing*, 3d Dist. Union No. 14-03-19, 2003-Ohio-5887, ¶ 4. "In cases resulting in a judgment of acquittal, however, the prosecution may nevertheless appeal, by leave of court, evidentiary rulings and rulings on issues of law, because those rulings fall within the language of 'any other decision, except the final verdict,' in R.C. 2945.67(A)." *Pawelski* at ¶ 11, citing *State v. Arnett*, 22 Ohio St.3d 186 (1986); *State v. Bistricky*, 51 Ohio St.3d 157 (1990), at syllabus; *see also State v. Sweingen*, 12th Dist. Clinton No. CA2001-01-005, 2001 WL 950671, *1 (Aug. 20, 2001).

{¶ 11} Renchen's acquittal cannot be disturbed inasmuch as he cannot be twice put in jeopardy. The state's assignment of error argues that the trial court erred in its interpretation of the term "public servant." As a result, the state argues the trial court should not have found that there was insufficient evidence to show that Renchen was acting as a "public servant" when going door-to-door and "assisting" with the absentee ballots.

{¶ 12} Renchen was charged with multiple counts of interfering with civil rights in violation of R.C. 2921.45, which provides:

> (A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

The term "public servant" is statutorily defined by R.C. 2921.01, and includes "[a]person who is a candidate for public office, whether or not the person is elected or appointed to the office for which the person is a candidate." R.C. 2921.01(B)(3). An act done under "color of his office" is defined as "characterizing an act wrongfully done by an officer under the pretended

- 4 -

authority of his office."  *Sautora v. Callan*, 18 Ohio App. 92, 94-95 (8th Dist.1924).

{¶ 13} In granting Renchen's motion for acquittal, the trial court recognized that a candidate for public office is considered a "public servant" for purposes of R.C. 2921.45. However, the trial court also noted that the action of the public servant must be done under "color of his office."  Because the state failed to present evidence that Renchen's actions were done under "color of his office," the trial court granted Renchen's request for acquittal. As further explained by the trial court:

> The testimony as it relates to Counts 3, 4, 5, and 6, not one time was it ever mentioned that the Defendant was attempting to use the position of mayor of Aberdeen to try to strip someone or disenfranchise some of them of their right to vote.
>
> * * *
>
> For that reason as it relates to Counts 3 through 6, the Court will grant your Rule 29 motion, Mr. Allen.

On appeal, the state contends the trial court erred in its interpretation of the term "public servant."  The state argues the definition of "public servant" is broader than the definition relied upon by the trial court.

{¶ 14} The trial court granted the motion for acquittal because the state failed to present any evidence that Renchen was attempting to use his position as Mayor to interfere with the right to vote.  In other words, the trial court found the state failed to present evidence that Renchen acted "under color of his office" to support a conviction under R.C. 2921.45. While Renchen's Crim.R. 29 acquittal is a "final verdict" within the meaning of R.C. 2945.67(A) and may not be appealed, the state could still appeal the trial court's evidentiary rulings and rulings on issues of law by obtaining leave of court and following the procedures outlined in *State v. Wallace*, 43 Ohio St.2d 1 (1975).  *See Pawleski* at ¶ 11; *Stebbing* at ¶ 4. However, the state failed to obtain leave of court to appeal.  Because the state failed to obtain leave to appeal in this case, it has not properly invoked our jurisdiction.  Therefore, the

state's appeal must be dismissed.

{¶ 15} APPEAL DISMISSED.

S. POWELL, P.J., and PIPER, J., concur.