[Cite as *State v. Dixon*, 2019-Ohio-5368.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2018-12-026 |
| - vs - | : | O P I N I O N<br>12/30/2019 |
| | : | |
| CURTIS J. DIXON, | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CRB 1801110

Laura Railing Gibson, Wilmington City Prosecutor, 69 North South Street, Wilmington, Ohio 45177, for appellant

Curtis J. Dixon, 351 Grant Street, Wilmington, Ohio 45177, pro se

**HENDRICKSON, P.J.**

{¶ 1} Appellant, the state of Ohio, appeals a decision of the Clinton County Municipal Court finding that R.C. 2921.29(A)(1), the statute that requires an individual in a public place to disclose his name, address, or date of birth to a law enforcement officer when the officer reasonably suspects the individual is committing, has committed or is about to commit a criminal offense, unconstitutional as applied to appellee, Curtis J. Dixon. However, because

the state failed to obtain leave of court to appeal the trial court's decision pursuant to App.R. 5(C) and R.C. 2945.67, the appeal is hereby dismissed.

{¶ 2} On June 16, 2018, Officer Anthony Mitchell, responded to the Escape Bar, located in Wilmington, Ohio, after receiving a call that the bar needed someone removed from the premises. Upon arrival, Officer Mitchell observed several individuals lingering outside the bar on the public sidewalk. Officer Mitchell spoke with the employee from the bar who had made the call for assistance. The bar employee pointed at appellee and stated that appellee had been hollering into the bar, appellee was a person with whom the bar employee had prior issues, and the bar employee believed appellee had trespassed before. The bar employee could not, however, recall appellee's name.

{¶ 3} Officer Mitchell made contact with appellee outside the bar, informed appellee of the reason for the contact, and asked appellee for his name. Appellee refused to provide his name, telling the officer "he did not have to say shit" to him. Officer Mitchell asked appellee for his name a second time and appellee again refused to provide it. Officer Mitchell then arrested appellee for failure to disclose one's personal information in violation of R.C. 2921.29(A)(1), a misdemeanor of the fourth degree. Appellee's identification, which was found in his pocket, disclosed his name: Curtis J. Dixon.

{¶ 4} Appellee pled not guilty to the charge and a bench trial was held on November 13, 2018. Officer Mitchell and appellee were the only witnesses who testified. Officer Mitchell testified that at the time he asked appellee for his name, the officer suspected appellee either had trespassed or was going to trespass into the bar based on information he obtained from dispatch and from the bar employee. Appellee testified he had not entered into the bar, but had remained on a public sidewalk. He further testified that when Officer Mitchell asked his name, he refused to answer because he was "exercising [his] First Amendment Rights" and "[his] right to remain silent."

- 2 -

{¶ 5} After hearing the evidence, the trial court found that R.C. 2921.29(A)(1), as applied to appellee, was unconstitutional. Specifically, the court held as follows:

> The Court finds that the Defendant is charged with refusing to answer a police officer's question, the answer to which may tend to aid in his own prosecution. In this case, the officer was investigating a report that a person had committed the misdemeanor offence [sic] of Trespassing. The officer stated during his testimony that he wanted to find out whether the Defendant was an individual who previously was "trespassed from" the property in question. The officer had not observed any violation. The officer asked Defendant's name. He would have no reason to ask Defendant anything, except that he was investigating the report of a criminal offense and wanted to confirm the suspect's identity as part of his investigation. He was doing his job, and cannot be faulted for doing that. However, as frustrating as it may be, the Defendant has every right not to aid an officer who is investigating his own conduct.
>
> The Court finds that, as applied here, R.C. 2921.29(A)(1) is unconstitutional, because it violates Article I, Section 10, of the Ohio Constitution, which protects people in Ohio from being compelled to offer evidence which may incriminate them.
>
> The Court further finds that, as applied, R.C. 2921.29(A)(1) violates the Fifth Amendment of the United States Constitution, as applicable to the States through the Fourteenth Amendment thereof, which also prohibits forced self-incrimination.
>
> **This Court, therefore, finds Defendant NOT GUILTY of any crime in this matter and orders him discharged. Any bond is released.** *This holding is limited in application to the specific facts of this case, where a Defendant was asked questions to aid in his own prosecution.*

(Emphasis sic.)

{¶ 6} The state appealed the trial court's determination that R.C. 2921.29(A)(1) was unconstitutional as applied to appellee, raising the following assignment of error:

{¶ 7} THE TRIAL COURT ERRED BY FINDING R.C. 2921.29(A)(1) UNCONSTITUTIONAL BECAUSE IT VIOLATES ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶ 8} The general authority for the state to appeal is found in R.C. 2945.67(A), which provides:

> A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and *may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case* or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

(Emphasis added.)

{¶ 9} R.C. 2945.67(A), therefore, provides the state with the limited right to appeal orders granting "(1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) postconviction relief." *State v. Renchen*, 12th Dist. Brown No. CA2013-02-002, 2014-Ohio-1580, ¶ 8. "The state may also appeal 'any other decision' of the trial court but only if it first obtains leave to do so from the court of appeals." *Id.*, citing *State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460, ¶ 8. *See also State v. Wood*, 5th Dist. Perry No. 12-CA-00013, 2013-Ohio-3446, ¶ 17. "[W]hen the prosecution wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must ask for leave to appeal under App.R. 5(C)." *Mitchell* at ¶ 9. App.R. 5(C), in turn, requires the state to file a motion for leave to appeal within "thirty days from the entry of the order sought to be appealed from" and requires the motion to "set forth the errors that the movement claims occurred in the proceedings of the trial court." Pursuant to the rule, "[t]he motion shall be accompanied by

affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims." App.R. 5(C). "Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals." *Id.*

{¶ 10} In the present case, the trial court held a bench trial and rendered a not-guilty verdict after determining that R.C. 2921.29(A)(1) was unconstitutional as applied to appellee. The court, therefore, rendered a final verdict acquitting appellee of the charge of failing to disclose one's personal information.

{¶ 11} While a final verdict of a trial court in a criminal case "is not appealable by the State either as a matter of right, or by leave to appeal" under R.C. 2945.67(A), "the prosecution may nevertheless appeal, by leave of court, evidentiary rulings and rulings on issues of law, because those rulings fall within the language of 'any other decision, except the final verdict,'" as set forth in the statute. *State v. Pawelski*, 178 Ohio App.3d 426, 2008-Ohio-5180, ¶ 11 (2d Dist.), citing R.C. 2945.67(A). *See also Renchen*, 2014-Ohio-1580 at ¶ 10. Therefore, while the state could not appeal the final verdict of not guilty, the state could appeal the trial court's determination that R.C. 2921.29(A)(1) was unconstitutional, as this involved a reviewable issue of law. However, the state was required to obtain leave of court and to follow the procedures outlined in App.R. 5(C) in bringing its appeal. The state did not comply with App.R. 5 and failed to obtain leave of court for the appeal. As such, the state failed to properly invoke our jurisdiction and the state's appeal must be dismissed. *Renchen* at ¶ 14; *Mitchell* at ¶ 12.

{¶ 12} Appeal Dismissed.

S. POWELL and M. POWELL, JJ., concur.